8405

CARLTON v. SOUTHERN RY. CO.

RAILROADS—ISSUES.—Where it is admitted a railway company owns the rails and roadbed of a railroad and it is proved that the engine and cars run on the road for a number of years bore the name of the railway company, and that the cars and engine colliding with plaintiff bore the same name, the issues of ownership and operation should be sent to the jury on the question of liability for the collision.

Before SEASE, J., Abbeville, March, 1912. Affirmed.

Action by B. H. Carlton against Southern Railway. Defendant appeals.

*Messrs. J. Moore Mars* and *Grier, Park & Nicholson,* for appellant.  *Messrs. Park & Nicholson* cite: *Defendant having acquired no franchise to operate the road in question is not liable under the rule of principal and agent:* 25 S. C. 221; 28 S. C. 404; 41 S. C. 415; 63 S. C. 370; 73 S. C. 574; 75 S. C. 170; 79 S. C. 275; 44 L. R. A. 753; 32 Am. R. 632.

*Mr. J. Moore Mars* cites: *On same point.*  In addition to citations above: 60 S. E. 668; 43 S. C. 197; 74 S. C. 332; 26 S. C. 258; 39 S. C. 55; 55 S. C. 152.

*Mr. Wm. N. Graydon,* contra, cites: *Engine and cars bearing name "Southern" carries case to jury:* 63 S. C. 97. *Where party fails to introduce evidence on opportunity it is taken against him:* 16 Cyc. 1064; 160 U. S. 379; 1 Starkie on Ev. 54.  *Defendant is liable if it owned or operated the road:* 89 S. C. 408; 17 U. S. 445.

January 10, 1913.  The opinion of the Court was delivered by

MR. JUSTICE WATTS.  This was an action for damages brought by plaintiff against the defendant caused by a collision at a railroad crossing of plaintiff's automobile and an engine and box cars of the defendant company.  The answer of defendant set up as a defense to plaintiff's alleged cause of action that the line of railroad upon which the plaintiff's claim of damages occurred is not under the control of the defendant, but is being run and operated by the Ware Shoals Railroad Company, a corporation entirely separate from and independent of the defendant.  At the close of testimony in the case, when the trial was had, defendant moved the Court for a direction of verdict or granting a nonsuit on the ground, in substance, that there was no testimony to show that the defendant owned or

operated the road where the accident occurrred. This motion was refused by the Court, and the cause submitted to the jury who rendered a verdict for the plaintiff. Defendant then made a motion for a new trial which was refused and then appeal was taken on three exceptions assigning error. These exceptions by defendant raise practically but one question and that is, was there any testimony to show that the defendant owned or operated the road where the accident occurred. If there is any such testimony then the appeal fails.

It was conceded by counsel for the defendant at the hearing by this Court that the defendant owned the roadbed and furnished the rails to iron the same and owned the iron rails. There was evidence to show that the engine and cars run on the road are marked "Southern," and that for seven years trains have been running on the road whose engines and cars are marked "Southern." This was sufficient to carry the case to the jury under *Bush* v. *Southern Railway Company,* 63 S. C. 97, 40 S. E. 1029.

The law imposes upon the owner of a railroad the duty of operating it and in consequence liability for injuries done by those who are allowed to operate it. *Harmon* v. *Ry.,* 28 S. C. 401, 5 S. E. 835.

There was evidence enough to carry the case to the jury for them to determine, not only whether the defendant owned the road, but, also, whether they were operating it. We see no prejudicial errors in the ruling of the Circuit Judge in any of the exceptions. All of the exceptions are overruled.

Judgment affirmed.