13042

ENGELBERG v. J. F. PRETTYMAN & SONS

(156 S. E., 173)

February, 1930.

Mr. *Legare Walker,* for appellant,

Messrs. *Logan & Grace,* for respondent,

December 18, 1930.

The opinion of the Court was delivered by Mr. JUSTICE STABLER.

This is an action for damages for personal injuries alleged to be due to defendant's negligent operation of its logging railroad, whereby plaintiff was injured in a collision, at a public highway crossing, between an automobile which he was driving and a logging train of the defendant. The fifth defense of the answer alleges that prior to the date of

the collision, the defendant had entered into an agreement with the McLeod Logging Corporation, a distinct and separate corporation in which defendant had no interest, whereby it leased its logging railroad to the McLeod corporation, and whereby, *inter alia,* the McLeod corporation agreed to log the defendant's sawmill at a stated price; that under this agreement the McLeod corporation was an independent contractor, and as such was operating the railroad at the time of the collision; that defendant was not then operating the railroad and is not responsible for the torts and delicts, if any, of the McLeod corporation, resulting in injuries to the plaintiff.

A demurrer was interposed to this defense, on the ground that it did not constitute a defense, "for the reason that the said defendant, under the statute law of South Carolina and the decisions of the Supreme Court, is a railroad corporation and as such cannot by such alleged contract as is set forth in said fifth defense escape liability for its negligence or recklessness."

From an order of Judge M. M. Mann, sustaining the demurrer, the defendant appeals to this Court, the appeal raising these questions:

(1) Is the appellant a railroad corporation for the purposes of this suit?

(2) Is it liable for the delicts of the McLeod Logging Corporation, an independent contractor?

(3) Is it liable as a lessor railroad for the delicts of its lessee, the McLeod Logging Corporation?

To sustain its contention that appellant is a railroad corporation, respondent relies on Section 4763, Chapter 52, of the Civil Code 1922, and the interpretative cases of *Crawford v. Mullins Lumber Co.,* 110 S. C., 318, 96 S. E., 494, and *Law v. Prettyman & Sons,* 149 S. C., 178, 146 S. E., 815. Both of these cases involved liability under the so-called fire statute (Section 4910, Chapter 52, Civil Code 1922), and in the latter the present appellant was held to be a railroad corporation for the purposes of that suit. The appellant,

while conceding that, by analogy of reasoning these cases might become authority in an action brought under some other section of Chapter 52 creating a liability against a railroad corporation, contends that the case here is one for negligence at common law, and that the definition of terms in Section 4763 would not operate to make it a railroad corporation in such a case. We think, however, that the decision of the question in the present case rests upon other grounds.

Section 4321, Chapter 50, Article 1, relating to business corporations, is as follows: "Corporations organized for any purpose under the provisions of this article shall have power to construct and operate a railroad, electric railway, tramway, turnpike or canal for their own use and purposes, and shall have the right to effect a crossing with any existing railroad or public road as is now provided by law for railroad corporations; but they shall have no power to condemn lands except for crossing any existing railroad or public road, as herein provided."

The grant of a right to cross a public highway by means of a railroad, which involves the operation of dangerous instrumentalites, necessarily carriers with it a duty to observe due care for the protection of the public using the highway at the crossing. Such a duty devolves upon the railroad under the common law, and the Legislature has seen fit to further enlarge that duty by requiring certain signals to be given, in a prescribed manner, at such crossings. Section 4903, Chapter 52, Civil Code 1922. It will be noted that by Section 4321 ordinary business corporations are granted the same right to effect crossings with public highways as railroad corporations, and it would seem to follow by clearest implication that they are also burdened with the same duties and liabilities in so far as such crossings are concerned. It would be an anomalous situation if an ordinary business corporation should be given the privilege of crossing public highways to the same extent and in the same manner as if it were a railroad corporation, but should

be absolved from the duties and responsibilities to the public with which such privilege is burdened in the hands of a ralroad corporation. This would be a discrimination lackng in appeal either to reason or to conscience, and we cannot believe that such was the intent of the Legislature.

A like question was passed upon in the case of *Ex parte Bacot,* 36 S. C., 126, 15 S. E., 204, 207, 16 L. R. A., 586, which involved a statute. generally similar to, but subsequently replaced by, Section 4321 above quoted. In that case it was attempted, in effect, to enjoin a mining company from procuring a right-of-way for a private railroad; one of the grounds being that the proposed railroad would cross a public highway without authority to do so. On this point it was held that, as the company had the power to construct and operate the railroad the general law upon the subject of public highway crossings was applicable "to this proposed railroad as well as to others." The soundness of that position cannot be questioned, and by the application of the same principle in the case at bar we can reach no other conclusion than that all general laws, whether common law or statute, relating to highway crossings by railroad corporations, are applicable in the case at bar to the appellant, which is therefore a railroad corporation for the purposes of this suit.

This conclusion having been reached, we have next to inquire whether the appellant can be held liable for the alleged delicts of the McLeod Corporation. Under the allegations of the fifth defense, this corporation occupies what may be considered a dual relationship towards the appellant, namely, that of an independent contractor and that of lessee—an independent contractor as to the work to be done in logging defendant's sawmill, and a lessee as to the use of its railroad and equipment. The distinction is here of no practical importance, however, as the rules governing the liability of the appellant are the same in both cases.

In *National Bank v. A. & C. R. Co.,* 25 S. C., 216, which seems to be our leading case on this point, the Court said: "When a railroad or other corporation receives its charter from the State, conferring certain franchises, rights and privileges, it is upon the consideration that such corporation shall perform the duties and fulfill the obligations which it at the same time incurs. The fact that the corporation chooses to perform those duties and fulfill its obligations to the community through another, whether as lessee or otherwise, cannot release it from the obligations which it has assumed by the acceptance of its charter. This doctrine has not only the support of reason, but is fully supported by the authorities. As said by Mr. Justice Davis in *Railroad Co. v. Brown,* 17 Wall., 445, 21 L. Ed., 675: 'It is the accepted doctrine in this country that a railroad corporation cannot escape the performance of any duty or obligation imposed by its charter or the general laws of the State by a voluntary surrender of its road into the hands of lessees:' "

In *Rogers v. Railway Co.,* 31 S. C., 378, 9 S. E., 1059, 1062, in which it was held that a railroad company was not liable under the fire statute (Section 4910) for damages resulting from a fire within the limits of its right-of-way, caused by acts of the servants of an independent contractor engaged by the company to build the road, the Court discussed this proposition advanced in the argument of plaintiff's counsel: "When the employer as a corporation is charged with certain obligations reciprocal to the privileges and franchises granted, it cannot shift the responsibility from itself by employing a contractor to do the work for it."

While holding that the statement had no application in the case then at issue, the Court said: "If it means that where certain obligations exist, growing out of the privileges and franchises granted to the corporation, which would be inconsistent with the right of the company to employ an independent contractor to meet said obligations, from public policy or otherwise, then the principle may be conceded."

See, also, *Harmon v. R. R. Co.,* 28 S. C., 401, 5 S. E., 835, 13 Am. St. Rep., 686; *Hart v. Railroad Co.,* 33 S. C., 427, 12 S. E., 9, 10, L. R. A., 795; *Harbert v. Air Line Railway,* 74 S. C., 13, 53 S. E., 1001, and numerous other cases.

It will be noted that in the *National Bank case, supra,* the principle announced is not limited to railroad corporations, but is evpressly applicable to "a railroad or other corporation," but, as we have held the appellant in this case to be a railroad corporation for the purposes of this suit, it is not necessary to consider that phase of the matter.

The duties which a railroad corporation cannot escape performing by delegating them to another are those which it owes to the community or to the State, and which are imposed upon it by its charter or the general laws of the State. We can conceive of no duty or obligation to the State or to the public which is more closely bound up with or more exactly reciprocal to the privilege granted to railroad corporations to cross public highways than the duty or obligation to exercise due care for the protection of members of the public who may use the highway at such crossings. Clearly, such duty or obligation is one of which a railroad corporation cannot divest itself through the operation of its railroad by an independent contractor or a lessee.

The order appealed from is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.