15817

SEAY *ET AL.* v. SOUTHERN RY. CO. *ET AL.*

(37 S. E. (2d), 535)

*Messrs. Carlisle, Brown & Carlisle,* and *C. C. Brown,* all of Spartanburg, Counsel for Appellants,

*Messrs. S. R. Watt and Daniel & Russell,* all of Spartanburg, Counsel for Respondents

March 16, 1946.

*Per Curiam:* The rehearing of this case convinces us of the correctness of the opinion first filed, although we amplify same.

This action is the "second section" of that action brought by the identical plaintiffs against the identical defendants with the exception that Southern Railway Company, and not Southern Railway—Carolina Division, is the codefendant with Charleston & Western Carolina Railway Company in the present suit, for the wrongful death of Joe Walter Seay. See *Seay et al., v. Southern Railway—Carolina Division et al.,* 205 S. C., 162, 31 S. E. (2d), 133. That is to say, the present action is for the recovery of damages for the alleged pain and suffering of said Joe Walter Seay, deceased, following his injury and until his death, approximately six hours after his injury.

For the purpose of deciding this appeal, it is unnecessary that we state or discuss the testimony tending to prove negligence in the operation of a train—engine and two gondola cars—being backed on the track of the defendant, Charleston & Western Carolina Railway Company, which crosses West Main Street in the City of Spartanburg, said street being a

section of United States Highway No. 29, running North and South through the said City of Spartanburg. (The testimony tending to prove negligence in the operation of the train was similar to the testimony in the first case for the wrongful death of Joe Walter Seay.)

A large truck driven by Joe Walter Seay was in collision with, as alleged in the complaint (quoting) *"one of two gondola cars loaded with metal junk and being pushed by a railroad locomotive, all belonging to Southern Railway Company, on the railroad track of Charleston & Western Carolina Railway Company"* (italics added).

At the close of plaintiffs' (appellants') testimony, the defendants (respondents) moved for a nonsuit as to both defendants, on several grounds, the one pertinent to this appeal being, as to Southern Railway Company, "there is not a syllable of testimony that its engine and crew were pushing this train across the crossing;" and as to the Charleston & Western Carolina Railway Company, "there is no allegation or proof whatever of negligence on its part."

·After considerable argument, with the appellants in the meanwhile requesting that the case be opened for the purpose of permitting them to adduce testimony tending to prove that it was the Southern Railway Company's engine and crew pushing the gondola cars, reference to which will hereafter be made, the trial Judge granted the motion, using the language following:

"I do not think there has been sufficient evidence to go to the jury, certainly nothing to connect the Southern Railway Co. While the theory is that the Southern was operating over the C. & W. C. lines, there is no evidence to that effect and I am granting a non-suit as to both defendants."

We have carefully read the record, and there is no testimony whatsoever connecting the defendant-respondent, Southern Railway Company, with the accident resulting in the injury and death of Joe Walter Seay, and hence a nonsuit as to this defendant was proper.

While there is no allegation or proof of negligence on the part of·the Charleston & Western Carolina Railway Company, yet a reasonable inference can be drawn from the testimony that the track on which the engine and gondola cars were traveling was that of the last-named railroad company; and the established law of this State is that "both the lessor and lessee, licensor and licensee, are responsible for any damages arising out of the operation of the railroad." *Miller v. A. C. L. R. R. Co.,* 140 S. C., 123, 138 S. E., 675. This principle of law was recognized in *Seay v. Southern Railway, supra.*

It is contended, however, that the complaint having alleged that the injury was caused by the operation of a train of cars by Southern Railway Company, and there being no testimony to this effect and a nonsuit having been granted as to the Southern Railway Company, it necessarily followed that a nonsuit was proper as against the C. & W. C. Railway Company, the owner of the tracks, upon the theory that the agent whose delict had caused the injury having been absolved, the principal could not be held. It may be pointed out that there was no finding on the merits in favor of Southern Railway Company, and that the answer of both railway companies denied that the train of cars was being operated by the Southern Railway Company.

The train of cars was necessarily being operated either by the C. & W. C. Railway Company or an agent (there is no claim that a trespasser was using its tracks), and as stated by Mr. Justice Hydrick in writing the opinion in *Jenkins v. Atlantic Coast Line Railroad Company,* 89 S. C., 408, 71 S. E., 1010:

"The law imposes upon the owner of a railroad the duty of operating it, and, in consequence, liability for injuries done by those who are allowed to operate it."

In this connection, see *Harmon v. Columbia & Greenville Railroad Co.,* 28 S. C., 401, 5 S. E., 835; *Harbert v. Atlanta & Charlotte Air Line Railway Company,* 74 S. C.,

13, 53 S. E., 1001; *Smalley v. Atlanta &. Charlotte Air Line Railway Company,* 73 S. C., 572, 53 S. E., 1000; *Carlton v. Southern Railway Company,* 93 S. C., 354, 76 S. E., 984; *Jackson v. Southern Railway Company,* 77 S. C., 550, 58 S. E., 605; *Rookard v. Atlanta & Charlotte Air Line Railway Company,* 84 S. C., 190, 65 S. E., 1047; *Miller v. Atlantic Coast Line Railroad Company, supra*; and *Engelberg v. J. F. Prettyman & Sons,* 159 S. C., 91, 156 S. E., 173.

It was therefore error to grant the motion for a nonsuit as to the Charleston & Western Carolina Railway Company.

The appellants and the respondents treat appellants' third exception as raising the issue that the trial Judge committed an abuse of discretion in refusing appellants' motion for leave to offer further testimony after closing their case, in an effort to prove a material allegation of the complaint, to wit, that the gondola cars were being pushed by a railroad locomotive, all belonging to Southern Railway Company.

In making this motion, counsel for appellants did not plead oversight or surprise, in the absence of which, and under all of the circumstances, we find no abuse of discretion on the part of the trial Judge in refusing to permit the appellants to offer additional testimony after closing their case.

The order of nonsuit appealed from is affirmed as to Southern Railway Company, but reversed as to its co-defendant.

Mr. Chief Justice Baker and Messrs. Associate Justices Stukes, Oxner and Mr. Acting Associate Justice Steve C. Griffith, concur. Mr. Associate Justice Taylor disqualified.