20656

CENTRAL OF GEORGIA RAILWAY, Appellant, v. WALKER
TRUCK CONTRACTORS, Respondent.

(243 S. E. (2d) 923)

*N. Heyward Clarkson, III,* of *Rainey, McKay, Britton, Gibbes & Clarkson,* of Greenville, *for Appellant,*

*Ellis M. Johnston, II,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for Respondent,*

April 4, 1978.

Lewis, Chief Justice:

Appellant, Central of Georgia Railway, instituted this action against respondent, Walker Truck Contractors, to recover damages allegedly sustained to one of its locomotives when respondent's truck was negligently and recklessly

driven into the path of the locomotive. The issues were joined by respondent's answer which denied the material allegations of the complaint and alleged, pursuant to Section 15-1-300 of the 1976 Code of Laws, that the contributory negligence and recklessness on the part of appellant was greater than any negligence or recklessness of respondent.

The first trial of the case resulted in a mistrial when the jury failed to agree upon a verdict. Thereafter, the case was again set for trial and the jury returned a verdict in favor of respondent. Central of Georgia Railway has appealed from the adverse verdict. We reverse and remand for a new trial.

During the first trial, appellant sought to prove its allegation that the driver of defendant's truck was intoxicated at the time of the accident by attempting to put into evidence the results of a blood alcohol test. The defendant objected on the ground that there was a break in the chain of custody of the blood sample and the objection was sustained. The respondent's later motion to strike the allegation of intoxication from the appellant's complaint was sustained.

At the commencement of the second trial, appellant's attorney informed the court that he had witnesses present to offer testimony to establish a complete chain of custody as to the blood sample. The trial judge ruled that the specification of negligence dealing with intoxication had been stricken from the complaint by the presiding judge in the first trial, that the appellant had served notice of intent to appeal from that ruling, and that the allegation of negligence was no longer before the circuit court. The appellant then informed the court that it would move to amend its complaint to conform to the evidence if allowed to present its witnesses. The trial judge thereupon noted and sustained an objection to the presentation of the testimony.

> The specification of negligence, charging intoxication, was stricken in the first trial because of the failure of proof and amounted, in effect, only to a

withdrawal of that issue from the consideration of the jury because of such failure of proof. This was tantamount to a ruling on the evidence, and had no *res judicata* effect on the second trial since there was never a final determination of the rights of the parties in the first trial. *Grooms v. Zander*, 246 S. C. 512, 144 S. E. (2d) 909. As stated in *Grooms*:

A mistrial is the equivalent of no trial and leaves the cause pending in the circuit court. When the trial of this case was thus terminated, the status of the litigation and of the parties became the same as though no trial had taken place. (Citing cases.)

. . . . .

On the other hand, neither party gained any rights or suffered any prejudice as a result of the mistrial of this action. The cause simply remained on the calendar for trial before another judge and jury on such evidence as the parties might then have available and see fit to present.

The fact that appellant noticed an appeal from the order of the first trial striking the specification of negligence in question is of no consequence. That appeal was premature and did not confer jurisdiction on the Supreme Court. *Good v. Hartford Accident & Indemnity Company*, 201 S. C. 32, 21 S. E. (2d) 209.

At the new trial, the issues will be tried under the pleadings as they existed at the beginning of the first trial. Appellant will, accordingly, be permitted to present all of its evidence on the chain of custody of the blood sample.

The appellant also argues that the trial judge improperly limited its cross-examination of one of the respondent's witnesses. The record shows that the respondent called an independent insurance adjuster to testify concerning his investigation of the accident. On direct examination, the respondent elicited that the witness was an adjuster for insurance companies and self-insureds, was

investigating the accident, and was working for the respondent. On cross-examination, the appellant attempted to establish bias or prejudice on the part of the witness by showing that he was also working for respondent's liability insurance carrier. Over appellant's objection, the trial judge excluded this line of questioning from consideration by the jury.

Under the above facts, this ruling was in error. "Where the defendant's counsel opens the door to a certain line of inquiry, he cannot object if the inquiry when pursued by the plaintiff's counsel brings to light the fact that the defendant is covered by liability insurance." 29 Am. Jur. 2d, Evidence, Section 405, p. 461. The trial judge erred in limiting cross-examination on this point.

The appellant also argues that a pretrial ruling and a jury instruction imputing the negligence of Southern Railway Company, the lessee of the locomotive in question and the owner of the tracks, to the appellant was erroneous. Appellant's contention is that the use of its locomotive by Southern constituted a bailment and that the contributory negligence of a mere bailee cannot be imputed to the bailor. See *Howle v. McDaniel*, 232 S. C. 125, 101 S. E. (2d) 255. However, the following facts, which were elicited from appellant's own witness and made a part of the record conclusively establish that there were additional factors justifying the imputation of any negligence.

Southern Railway System is composed of wholly owned subsidiaries of Southern Railway Company, and the appellant, Central of Georgia Railway, is one such subsidiary. The locomotives owned by each railroad in the system are used interchangeably according to need, a practice referred to as the common locomotive pool. When Southern uses a locomotive belonging to another railroad, it pays that railroad an amount which represents reimbursement for the cost of ownership. Southern Railway Company maintains common facilities for repairs throughout the system and most of the employees not covered by union contract are paid

ratably by each railroad system. Southern and the appellant also filed consolidated tax returns.

The above facts establish that the appellant and Southern Railway Company are engaged in a joint venture under the name of Southern Railway System. Accordingly, any negligence on the part of Southern Railway Company in the instant case is properly imputable to the appellant. See Am. Jur. 2d, Negligence, Section 465; Restatement of Torts 2d, Section 491. Compare *Seay v. Southern Railway Company,* 208 S. C. 171, 37 S. E. (2d) 535.

The appellant also asserts that the trial judge erred in his instructions to the jury concerning Section 58-17-1440, South Carolina Code, 1976. Although no proper objection or request in reference to the charge was made, the parties have argued the issue and we have reached a determination to expedite matters at the new trial.

The trial judge, relying upon Section 58-17-1440, charged that if the jury determined that the statutory signals, required by Section 58-15-910, were not given by the railroad, and that such failure to give the signals was a proximate cause of the accident, the railroad's negligence would bar its recovery, unless the respondent's truck driver was shown to be guilty of gross or willful negligence which proximately caused the accident. The thrust of appellant's argument is that Section 58-17-1440 creates a statutory cause of action in favor of a party, other than the railroad, injured in crossing accidents and have no application to the instant action, in which the railroad instituted the action and no counterclaim was made. This contention must be rejected.

The respondent's answer asserted that the railroad was contributorily negligent, reckless, etc., "in failing to blow a whistle, ring a bell, or otherwise . . . signal . . . its impending approach," contrary to the statutory laws of the State of South Carolina. Section 58-17-1440 provides that if the railroad neglects to give the statutory signals and such neglect contributes to the injury of a person in crossing collision,

the railroad *"shall be liable for all damages* caused by the collision . . . unless it is shown that . . . the person injured . . . was at the time of the collision guilty of gross or willful negligence . . . [which] contributed to the injury." (Emphasis added.)

There is nothing in the foregoing statute to suggest that it is inapplicable to the instant suit. Neglect to give the statutory signals renders the railroad liable for *all damages* unless contributory gross negligence on the part of the other party is shown. The charge of the trial judge on this point was therefore an accurate statement of the law.

Judgment is reversed and the cause remanded for a new trial.

NESS, RHODES and GREGORY, JJ., concur.

LITTLEJOHN, J., not participating.