### 7366

### ROOKARD v. ATLANTIC & CHARLOTTE AIR LINE RY. CO.

EVIDENCE—RAILROADS—LESSOR AND LESSEE.—In a suit against a lessor railroad for the negligent killing by the lessee of the driver of a carriage, evidence that the lessee had paid the owner of the carriage for damage to it is not admissible.

Before KLUGH, J., Spartanburg, October Term, 1908. Reversed.

Action by Furman Rookard, adm. of Daniel Brown against Atlanta and Charlotte Air Line Railway Company. From judgment for plaintiff, defendant appeals.

*Messrs. Sanders* and *DePass,* for appellant, cite: *Evidence as to settlement inadmissible:* 74 S. C., 143; 77 S. C., 553; 75 S. C., 170.    *Declarations of agent after transaction do not bind principal:* 4 S. C., 153; 5 S. C., 358; 17 S. C., 519; 19 S. C., 354; 27 S. C., 64; 53 S. C., 448; 62 S. C., 129.

*Messrs. S. G. Finley, Butler, Osborne* and *Browne,* contra: *Evidence of payment of similar claims competent:* 1 Green. Ev., 192; 74 S. C., 131; 22 S. W., 1013; 52 N. H., 330; 12 S. E., 1068; 16 Cyc., 952, 954; 1 Ency. of Ev., 362; 24 S. C., 368. *Admission of liability in effort to compromise is admissible:* 15 N. E., 695; 6 Thomp. on Neg., sec. 7743; 78 Am. St. R., 113; 13 S. & M., 443; 1 Green. Ev., 792; 10 Fed. Cas., 5384; 28 N. E., 1033; 1 Ency., 599. *If evidence is disputed as to compromise, it should be left to jury:* 16 Cyc., 952; 36 Mich., 502; 1 Green. Ev., secs. 49, 425; 33 N. H., 151.

November 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. While attempting to drive a carriage across defendant's railroad, which was being operated by the Southern Railway Company, the plaintiff's intestate came into collision with an engine. He was killed, and the carriage was demolished. This action was to recover damages for his death.

Against the objection of defendant, the court admitted evidence that the Southern Railway Company had paid the owner of the carriage for the damage done to it.

The sole point is whether this ruling was correct.

It is well settled that the lessor, the owner of a railroad, and the lessee, operating it, are both liable for the torts of the lessee, committed in the operation of the road. The liability of the lessor is predicated upon the fact that its lessee is its agent for the purpose of operating the road. *Smalley* v. *Ry. Co.,* 73 S. C., 574, 53 S. E., 1000. While both are liable, and while they may be sued jointly or severally, still there is no such privity between them as makes their interests, in actions arising out of the torts of the agent, identical. In the first place, the agent is primarily liable for its own torts, and it is liable over to the principal. "The fact that two parties as litigants in two different suits

happen to be interested in proving or disproving the same facts creates no privity between them." 24 A. & E. Enc., 747.

A judgment on the merits *in favor* of the agent is a bar to an action against the principal for the same cause, because the principal's liability is predicated upon that of the agent. But a judgment *against* the agent is not conclusive in an action against the principal.  A judgment against the principal would not conclude the agent, unless the agent had been vouched, or given notice and an opportunity to defend. *Smith* v. *Moore,* 7 S. C., 219; *Robinson* v. *Baskins,* 22 Am. St. Rep., 202, and notes; Freeman on Judg., sec. 164; 24 A. & E. Enc. L. (2d ed.), 741; *Catterlin* v. *Frankfort,* 41 Am. Rep., 627; *Emma Silver Mining Co.* v. *Emma Silver Mining Co. etc.,* 7 Fed. Rep., 401; *Gillingham* v. *Charleston Tow Boat etc.,* 40 Fed. Rep., 649; *Bailey* v. *Sunberg,* 49 Fed. Rep., 583; *Logan* v. *Ry. Co.,* 82 S. C., 523.  These principles show that, in an action between a third party and the principal for the tort of the agent, the rights and interests of the principal and agent are not identical.  Therefore, transactions between the agent and still another party are *res inter alios acta,* and inadmissible in a suit against the principal for the tort of the agent.

The general rule is that declarations or admissions of the agent, within the scope of the agency, are admissible in evidence in a suit against the principal.  But, in this case, the alleged admissions of the agent was not within the scope of the agency, which was to operate the railroad.

If an agent commits a tort, while acting within the scope of the agency, the principal is liable, but if he makes declarations or admissions concerning it, so long afterwards that they cannot be admitted as part of the *res gestae,* the principal is not bound by them.

There is still another reason why the evidence should have been excluded.  As said by Mr. Justice Woods in his concurring opinion in *Nichols* v. *Ry.,* 74 S. C., 143, 54 S. E.,

255: "The highest public policy suggests that those charged with liability in such matters should be encouraged to settle claims, rather than have placed before them, in the consideration of just claims, the menace of settling them at the peril of having to justify such settlement, in a suit brought by another, whose claim is considered unjust, and show wherein the claims were distinguishable."

The case of *Nichols* v. *Ry., supra,* cannot be distinguished from this case, in principle, upon the point involved, upon which, two of the Justices practically dissented, and upon that point it is no longer authority.

Judgment is reversed and new trial granted.

MR. JUSTICE GARY *concurs in the result.*