## 7991

### JENKINS v. ATLANTIC COAST LINE R. R. CO.

1. RAILROADS—JURISDICTION.—A PASSENGER may maintain an action against a railroad company operating a train over another road, equipped by it, manned by it and under charge of its conductor, under a traffic agreement, for injury received in a wreck on its cars. That the owner of the track has obligated itself to save the operating company harmless in cases of injury on its track does not affect its relation to the public. The courts of a county in which the road is located have jurisdiction of the action.

2. IBID.—BAR.—A JUDGMENT in favor of a lessor railroad company for injuries received by a passenger on the cars of the lessee is a bar to an action against the lessee on the same cause of action.

Before WATTS, J., Greenville, June, 1910. Reversed.

Action by P. A. H. Jenkins against Atlantic Coast Line Railroad Company. Both parties appeal.

*Mr. J. J. McSwain,* for plaintiff, cites: *Both Coast Line and C., N. & L. are jointly liable:* 65 S. C. 332; 54 L. R. A. 649; 24 Ency. 764-5; 23 Cyc. 1212-3; 79 S. C. 563. *A common carrier cannot contract against its own negligence:* 28 S. C. 404; 75 S. C. 168. *Carrier cannot lease its trains so as to exempt itself from liability:* 28 S. C. 404; 72 S. C. 134; 79 S. C. 273; 20 S. E. 191; 41 Am. R. 179; 44 Am.

St. R. 489; 39 S. W. 643; 6 Cyc. 535; Con., art. IX, sec. 3; 82 S. C. 345. *Employees were servants of the Coast Line:* 26 Cyc. L. & P. 1522; 33 Id. 714; 155 U. S. 333; 114 Fed. R. 100; 52 L. R. A. 207; 37 L. R. A. 33-9; 50 Am. D. 20; 52 Am. R. 191; 56 Am. R. 835; 11 Wall. 591. *C., N. & L. cannot limit liability of Coast Line:* 32 C. C. A. 295; 164 Fed. 410, 785; 101 U. S. 71; 178 U. S. 153; 33 Cyc. L. & P. 705-727; 23 Ency. 732; 21 Ency. 495-6; 5 Ency. 530-591; White on Per. Inj. on R. R. 813-8. *Both roads are joint tort feasors:* 33 Cyc. L. & P. 714-26; 23 Ency. 732; 5 Ency. 530-591; 67 S. C. 514; 65 S. C. 341; 34 Am. St. R. 49; 79 S. C. 563. *Former judgment for C., N. & L. will not bar suit against Coast Line:* 24 Ency. 765; 23 Cyc. 1212-13; 95 U. S. 347; 62 S. E. 928; 70 U. S. 1; 101 U. S. 14; 65 S. C. 341; 68 S. C. 55; 32 Fed. 447, 287; 40 Fed. 631; 14 Fed. 558; 75 S. C. 290; 79 S. C. 563.

*Messrs. P. A. Willcox* and *Lucian W. McLemore,* contra. *Mr. McLemore* cites: *The judgment in favor of C., N. & L. is a bar to this action:* 23 Cyc. 1106; 24 Ency. 714; 23 Cyc. 1216; Black on Judg., sec. 504; 1 Van Fleet on Former Adj., sec. 1; Big. on Estp. 36-45. *The parties are identical:* 23 Cyc. 1111-12, 1270; Black on Judg., Secs. 534, 539. *The present cause of action is same as the first:* Pom. Code Rem., sec. 247; 52 S. C. 175. *The former judgment is conclusive:* 159 U. S. 21; 158 U. S. 478; 94 U. S. 351; 18 How. 418; 49 S. C. 563; 9 Rich. Eq. 475; 1 Rich. Eq. 301; 50 S. C. 68; 44 S. C. 1; 19 S. C. 254; 81 S. C. 516; 77 S. C. 493; 23 Cyc. 1178; 205 U. S. 122; 152 U. S. 327; 24 Ency. 781. *Court in Greenville had no jurisdiction:* 47 S. C. 387; 80 S. C. 355.

July 31, 1911. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   The defendant operates a pas-
senger train between Charleston and Greenville. Between
Charleston and Columbia, it is run over defendant's own
road.   Between Columbia and Laurens, it is run over the
road of the Columbia, Newberry and Laurens Railroad
Company; and between Laurens and Greenville, it is run
over the road of the Charleston & Western Carolina Railway
Company.   On September 7, 1908, plaintiff's wife became a
passenger on said train at Newberry for Greenville.   The
train was wrecked between Newberry and Laurens, and she
was injured.   The plaintiff brought an action in the Cir-
cuit Court for Laurens county against the Columbia, New-
berry and Laurens Railroad Company to recover damages
resulting to him for her injury.   The case was tried on
the merits and the judgment was in favor of the railroad
company.   Thereafter, the plaintiff brought this action, in
the Circuit Court for Greenville county, against this defend-
ant for the same cause.   The defendant pleaded to the juris-
diction of the Court, alleging that Greenville was not the ·
county of its residence, and praying that the action be dis-
missed, or, failing in that, that it be transferred to the proper
county for trial.   The plea to the jurisdiction having been
overruled, and the motion to transfer refused, defendant
answered, and pleaded, as its second defense, the judgment
rendered in the action between this plaintiff and the C., N.
& L., in bar of this action.   In connection with that plea,
defendant alleged that, at the time of the injury, the train,
upon which plaintiff's wife was riding, was leased to and
operated by the C., N. & L., and exhibited a copy of the
agreement under which the train was operated; and, also,
that, under the terms of their agreement, the C., N. & L.
was and is primarily and solely responsible for any and all
damages for injuries arising out of the operation of said
train, while on its railroad, and is liable over to this defend-
ant for any sum or sums that may be recovered of it on
account of any such injury.

The plaintiff moved, upon the record, to strike out the second defense. The motion may be regarded as a demurrer to that defense. Numerous grounds are stated in the motion, but in substance they all amount to the same thing—that the judgment in that case is no bar to this action. The Court ruled that the former action was not a bar to this action, but refused to strike out the second defense, on the ground that it would be competent for defendant to show that plaintiff had sought to hold another party liable for the same injury. The plaintiff appealed, assigning error in the refusal to strike out the second defense. The defendant, also, appealed, assigning error in refusing its motion to transfer the cause to the proper county for trial, on the ground that the Court in Greenville has no jurisdiction, because defendant is not a resident of that county, and in holding that the judgment pleaded was not a bar to this action.

The ruling that the Laurens judgment was not a bar to this action and the refusal to strike out the plea of that judgment, as a bar, is inconsistent. If it is not a bar, it is irrelevant matter, and should have been stricken out.

There was no error in refusing the motion to transfer the case. The Court in Greenville has jurisdiction to try it. *Rafield v. R. Co.*, 86 S. C. 324, 68 S. E. 631; *Dennis v. R. Co.*, 86 S. C. 258, 68 S. E. 465: Under the terms of the contract between defendant and the C., N. & L., the train, which was owned and equipped by defendant, manned by its own crew, and run under the direction and control of its own conductor, was operated by defendant. The proper construction of the contract makes the C., N. & L. the lessor and defendant the lessee of the right to run defendant's trains over the tracks of the C., N. & L. The fact that, by the terms of the contract, the C., N. & L. is, as between it and defendant, primarily liable for all injuries occurring in the operation of said trains, while on its tracks, and liable over to defendant for any and all sums that may

be recovered from it on account of such injuries, cannot affect the liability imposed by law upon either or both to the public. The law imposes upon the owner of a railroad the duty of operating it, and, in consequence, liability for injuries done by those who are allowed to operate it. *Harmon* v. *Ry.,* 28 S. C. 401, 5 S. E. 835. The defendant was therefore carrying on its business in Greenville county so as to make it a resident of that county. *Tobin* v. *R. Co.,* 47 S. C. 387, 25 S. E. 283.

The question whether the Laurens judgment is a bar to this action is one of interest and importance. In the opinion of the Circuit Court, refusing a motion for a new trial, in *Logan* v. *R. Co.,* 82 S. C. 522, 64 S. E. 515, the writer of this opinion investigated that question, and undertook to show that the true ground upon which a former judgment, in a case like this, should be allowed to operate as a bar to a second action is not *res judicata,* or technical estoppel, because the parties are not the same, and there is no such privity between them as is necessary for the application of that doctrine; but that in such cases, on grounds of public policy, the principle of estoppel should be expanded, so as to embrace within the estoppel of a judgment, persons who are not, strictly speaking, either parties or privies. It is rested upon the wholesome principle which allows every litigant one opportunity to try his case on the merits, but limits him, in the interest of the public, to one such opportunity. In Logan's case, and also in Rookard's case, 84 S. C. 190, 65 S. E. 1047, it is stated that a judgment on the merits in favor of a lessee railroad company would bar an action against the lessor for the same cause, because the liability of the lessor is predicated upon that of the lessee. In other words, if the operating company—the one that actually does the injury—is held not to be liable, it follows that the lessor, upon whom the law imposes liability only for the acts of the lessee, cannot be liable. Now, with respect to the injuries complained of here, the lessor

and lessee, the C., N. & L. and the defendant, were jointly and severally liable to the plaintiff; and the liability of each is based upon exactly the same acts or omissions. In other words, there is nothing which the defendant did or failed to do in the operation of that train for which the C., N. & L. would not be liable; because, in its operation, defendant was the agent of the C., N. & L.; and there is nothing, with respect to the same matter, which the C., N. & L. did or failed to do for which the defendant would not be liable, because, in the discharge of its duty to the public as common carrier, defendant is responsible for all the instrumentalities employed by it. From this it follows that there is no force in the plaintiff's contention that the specifications of negligence against the defendant in this case are different from those charged against the C., N. & L. in the former action. "The rule is well settled that a judgment of a court of competent jurisdiction, delivered upon the merits of a cause, is final and conclusive between the parties in a subsequent action upon the same cause, not only as to all matters actually litigated and determined in the former action, but also as to every other ground of recovery or defense which might have been presented and determined therein." 24 A. & E. Enc. L., 2 ed. 781. "An entire claim arising from a single tort cannot be divided and made the subject of several suits; a judgment upon the merits in respect to any part will be available as a bar in other actions arising from the same cause, the rule being that plaintiff must include in the one action all the various items or elements of his damage, and recover all the compensation he is entitled to for each and all such items." 22 Cyc. 1178. As the liability of the C., N. & L. is predicated upon that of the defendant, and as it would be liable for anything for which the defendant is liable, in respect to the matter complained of, the logical conclusion necessarily is that if the C., N. & L. is not liable, the defendant is not. Now, as between the plaintiff and C., N. & L., it has been conclusively adjudicated

that the C., N. & L. is not liable. Therefore the defendant is not, and the former judgment is a bar to this action.

This conclusion illustrates the difference between the effect of a pending action and a judgment in that action. The cases above cited show that plaintiff could have sued both companies at the same time for the same cause, and he could have sued them in the same or in different actions; and, if he had sued them separately, neither action could have been pleaded in abatement of the other. And he could have recovered judgment in both, though he could have had but one satisfaction. On the other hand, a judgment *against* him in either would have been a bar to any further prosecution of the other.

Reversed.