**HEATON** v. **SOUTHERN RY. CO.**
No. 1459.

United States District Court,
W. D. South Carolina,
Greenville Division.
March 19, 1954.

Williams & Henry, Greenville, for plaintiff.

Rainey, Fant & Brawley, Greenville, for defendant.

WYCHE, Chief Judge.

On August 15, 1952, a tractor-trailer operated for Malone Freight Lines of Birmingham, Alabama, driven by its agent and servant John H. Heaton, collided with a train of the Southern Railway Company at a grade crossing at Gantt, South Carolina. The trailer was demolished in the collision; the locomotive was badly damaged.

On September 30, 1952, an action was commenced in the Alabama State Court by John H. Heaton, a resident of Alabama, against the Southern Railway Company in which he seeks damages for injuries and property damages alleged to have been sustained by him as a result of the negligence of the Southern Railway Company in the collision between the tractor-trailer driven by him and a train of the Southern Railway Company. This case was removed to the United States District Court for the Middle District of Alabama on the ground of diversity of citizenship. Subsequently, it was transferred to this Court on the motion of the defendant Southern Railway Company for change of venue under 28 U.S.C.A. § 1404(a).

On October 28, 1952, Southern Railway Company filed an action in the Court of Common Pleas for Greenville County, South Carolina, against Malone Freight Lines in which it sought damages to its locomotive alleged to have been caused by the negligent operation of the tractor-trailer by John H. Heaton,

the agent and servant of Malone Freight Lines. The defendant Malone Freight Lines in its answer denied the material allegations of the complaint and set up the affirmative defense of contributory negligence. No counterclaim for damages was filed by Malone Freight Lines but instead it filed an action against the Southern Railway Company in the United States District Court in Alabama seeking damages arising out of the same accident.

The case of Southern Railway Company against Malone Freight Lines was tried in the Court of Common Pleas at Greenville, South Carolina, in April, 1953, and resulted in a verdict in favor of the Southern Railway Company for the damages to its locomotive. At the trial the only person who testified as a witness for the Malone Freight Lines was its agent and servant John H. Heaton. No appeal was perfected and the judgment in that case has been paid and satisfied.

Subsequently, the action of Malone Freight Lines against Southern Railway Company in the United States District Court in Alabama was dismissed on motion for summary judgment.

The case of John H. Heaton against Southern Railway Company is now before me upon motion of the defendant Southern Railway Company for summary judgment.

It is the contention of the defendant Southern Railway Company that the judgment of the Court of Common Pleas of Greenville County, South Carolina, in the case of Southern Railway Company against Malone Freight Lines is conclusive of the rights of the plaintiff "on the theory of res judicata and collateral estoppel".

Since this is a diversity case the plea of res judicata must be determined in accordance with the laws and policy of the State of South Carolina.

Under the South Carolina decisions it has been held repeatedly that where identical issues have been decided in a prior action and again raised in a subsequent action, the defense of res judicata or estoppel by judgment may not be asserted unless the parties are the same or in privity. Birnbaum v. Hall, D.C., 101 F.Supp. 605.

The State Court has decided that there is no generally prevailing definition of privity which can be automatically applied to all cases involving the doctrine of res judicata. Who are privies requires careful examination into the circumstances of each case as it arises. In general, it may be said that such privity involves a person so identified in interest with another as to represent the same legal rights; the term privity when applied to a judgment or decree refers to one whose interest has been legally represented at the trial. First National Bank v. U. S. Fidelity & Guaranty Co., 207 S.C. 15, at page 26, 35 S.E.2d 47, 162 A.L.R. 1003.

It is my opinion that since the judgment sought to be set up as a bar to the present suit is res inter alios acta, it is not binding on the plaintiff as res judicata or by way of collateral estoppel, nor for any other purpose, in the present action. This question was well settled in an opinion by Mr. Justice Hydrick in the case of Rookard v. Atlantic & C. Air Line Railway Co., 84 S.C. 190, at pages 191, 192, 65 S.E. 1047, 27 L.R.A.,N.S., 435, in which the Court held that while a principal and agent are liable "and while they may be sued jointly or severally, still there is no such privity between them as makes their interests in action arising out of the torts of the agent identical. In the first place, the agent is primarily liable for its own torts, and it is liable over to the principal. 'The fact that two parties as litigants in two different suits happen to be interested in proving or disproving the same facts creates no privity between them.' * * * A judgment on the merits in favor of the agent is a bar to an action against the principal for the same cause, because the principal's liability is predicated upon that of

the agent. *But a judgment against the agent is not conclusive in an action against the principal. A judgment against the principal would not conclude the agent, unless the agent had been vouched, or given notice and an opportunity to defend.* * * * These principles show that in an action between a third party and the principal for the tort of the agent the rights and interests of the principal and agent are *identical.* Therefore transactions between the agent and still another party are *res inter alios acta,* and inadmissible in a suit against the principal for the tort of the agent. * * * If an agent commits a tort, while acting within the scope of the agency, the principal is liable, but, if he makes declarations or admissions concerning it so long afterwards that they cannot be admitted as part of the *res gestae,* the principal is not bound by them." (Emphasis added.)

■ It is elementary and fundamental that every individual is entitled to his own day in court in which to assert his own rights and to defend against their infringement. The requirements of due process of law forbid the assertion of the plea of *res judicata* against a party unless he was bound by the earlier litigation in which the matter was decided. He is bound by that litigation only if he was a party thereto or in privity with a party thereto. The plaintiff in this case was not a party to the action brought by the Southern Railway Company against Malone Freight Lines. He is not in privity with any party in that action or in the sense that his rights there are derived from anyone who was a party in that action. His cause of action is and always has been his own. It is in no way derived from his employer Malone Freight Lines, who was a party in the action

brought against it by the Southern Railway Company. The relation of employer and employee in and of itself does not confer upon the employer any power to represent or to bind the employee in any litigation. That the plaintiff testified as a witness in the former action is immaterial. He had no control over the conduct of the trial. He was not represented by counsel. His interest was not legally represented at the trial. Malone Freight Lines, the defendant in the previous action, was represented by counsel employed by Malone Freight Lines' insurance carrier to represent it, and not employed to represent the plaintiff here. The plaintiff in the present action could not cross-examine opposing witnesses in that case, nor could he require counsel for the Malone Freight Lines to cross-examine opposing witnesses. The present plaintiff had no authority as to what witnesses should be summoned or what witnesses should be put upon the witness-stand. It appears from the record that the present plaintiff has two witnesses to the accident who will testify in his behalf when the case is called for trial, who did not testify in the previous trial. The plaintiff has had no previous opportunity to prove his case.

■ There is no privity between plaintiff and his employer that makes their interests identical in this action. The present plaintiff was not vouched or given notice and opportunity to defend in the previous litigation. The essential elements of an estoppel by judgment are lacking.

It follows, therefore, that the former adjudication is not a defense to this action. Pesce v. Brecher, 302 Mass. 211, 19 N.E.2d 36.

The motion for summary judgment should be denied, and

It is so ordered.