D. Reece WILLIAMS, III, as Administrator of the Estate of Bobby A. Fowler, Deceased, Plaintiff,

v.

ATLANTIC COAST LINE RAILROAD COMPANY, Defendant.

Civ. A. No. 67–438.

United States District Court
D. South Carolina,
Columbia Division.

Heard Sept. 21, 1967.

Decided Oct. 5, 1967.

John W. Thomas, and W. Croft Jennings, Jr., Columbia, S. C., for plaintiff.

Julius W. McKay, Columbia, S. C., for defendant.

HEMPHILL, District Judge.

 Plaintiff, seeking damages for the alleged wrongful death [1] of Bobby A. Fowler, attacks, and seeks to have stricken, the third defense in the answer, which reads:

> The defendant railroad instituted a suit in the United States District Court of South Carolina against this plaintiff decedent's employer arising out of this same accident alleging that the negligent, willful and reckless acts of

the plaintiff's decedent, acting in the course of his employment, were the proximate cause of the damage suffered by the defendant railroad. The plaintiff decedent's employer in its Answer and Counterclaim charged the defendant railroad with the same or similar acts of negligence as set forth in this present Complaint but the railroad prevailed and the jury returned a verdict in the railroad's favor for its damages, which verdict was affirmed by 'the United States District Judge. The Judgment entered up as a result of this verdict was paid in full by the plaintiff decedent's employer. The defendant railroad pleads this Judgment as an estoppel to any cause of action which the plaintiff may have on behalf of his decedent, his heirs or assigns.

The plea is an affirmative plea of res judicata as contemplated by Rule 8(c) Federal Rules of Civil Procedure.[2] This is not a case where the facts exposing res judicata of the issues appear on the face of the complaint, Southard v. Southard, 305 F.2d 730 (2nd Cir. 1962); nor is it one in which there is no answer so as to justify a motion to dismiss in lieu of affirmative defense. Williams v. Murdoch, 330 F.2d 745 (3rd Cir. 1964).[3] It appears that the defense, if it is proper, should be included in the answer. Otherwise it cannot properly be placed before the court.[4] Defendant and plaintiff have, in this case, followed correct procedure.

---

1. S.C.Code Ann. § 10–1951 (1962).

2. Fed.R.Civ.P. 8(c): "In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a' counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

3. See 1A Barron & Holtzoff (Wright Ed.) §§ 279–281: "Ordinarily the affirmative defenses listed in Rule 8(c) and any other defenses not specified in Rule 12(b), must be asserted by answer and cannot be the basis for a motion to dismiss the complaint * * *."

4. See Eberle v. Sinclair Prairie Oil Co., 35 F.Supp. 296, aff'd, 10 Cir., 120 F.2d 746, 135 A.L.R. 1494 (D.C.Okla.1941); Stoddard v. Morrin, 8 F.R.D. 375 (D.C. D.C.1942); Jones v. Miller, 2 F.R.D. 479 (D.C.Pa.1942); United States v. State of Alaska, 197 F.Supp. 834 (D.C. Alaska 1961).

■ In the hearing on the motion plaintiff agreed that the suit between defendant and plaintiff's employer resulted in verdict and judgment for the defendant railroad. The court takes judicial notice of the obligation of plaintiff's employer, as a defendant, to present his counterclaim under Rule 13(a) Federal Rules of Civil Procedure.[5] The master-servant relationship is not disputed.

■ Defendant insists that the privity existing because of the master-servant relationship bars the present action. The court does not agree. South Carolina has spoken on the subject. In Rookard v. Atlantic & C. Air. Line Ry. Co.[6] plaintiff's intestate was killed while driving a carriage across the tracks of Atlantic & C. Southern Railway. Lessee of the railway paid the owner of the carriage. Suit was then initiated against the lessor of the railway for the death of the plaintiff's intestate. Issue arose as to the propriety of allowing proof of payment by the lessee of the railway to the owner of the carriage. The trial court allowed the evidence, and the Supreme Court reversed. In passing on the issue of privity the court announced:

> The sole point is whether this ruling was correct. It is well settled that the lessor, the owner of a railroad, and the lessee, operating it, are both liable for the torts of the lessee committed in the operation of the road. * * * While both are liable, and while they may be sued jointly, or severally, still there is no such privity between them as makes their interests in action arising out of the torts of the agent identical. * * * " The fact that two parties as litigants in two different suits happen to be interested in proving or disproving the same facts creates no privity between them." * * * A judgment

on the merits in favor of the agent is a bar to an action against the principal for the same cause, because the principal's liability is predicated upon that of the agent. But a judgment against the agent is not conclusive in an action against the principal. A judgment against the principal would not conclude the agent, unless the agent had been vouched, or given notice and an opportunity to defend. * * *[7]

In Heaton v. Southern Ry. Co., 119 F.Supp. 658 (D.C.S.C.1954) the court faced factual and procedural issues almost identical and indistinguishable from those here presented. Heaton sought damages for personal injuries in the Federal courts. Southern pursued action against the owner of the tractor-trailer he was driving in Greenville County Court of Common Pleas, and prevailed. A suit in Federal court in Alabama by the owner was decided for the railroad on motion for summary judgment. The truck driver, Heaton, was not made a party to either of the other suits. In overruling Southern's plea of res judicata, the district judge quoted from Rookard, supra, and added:

> The State Court has decided that there is no generally prevailing definition of privity which can be automatically applied to all cases involving the doctrine of res judicata. Who are privies requires careful examination into the circumstances of each case as it arises. In general, it may be said that such privity involves a person so identified in interest with another as to represent the same legal right; the term privity when applied to a judgment or decree refers to one whose interest has been legally represented at the trial. First National Bank of Greenville v. United States Fidelity & Guaranty Co.,

---

5. Fed.R.Civ.P. 13(a). "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence

of third parties of whom the court cannot acquire jurisdiction."

6. Rookard v. Atlantic & C. Air Railway Company, 84 S.C. 190, 65 S.E. 1047 (1909).

7. 65 S.E. at 1047.

207 S.C. 15, at page 26, 35 S.E.2d 47, 162 A.L.R. 1003. * * *

It is elementary and fundamental that every individual is entitled to his own day in court in which to assert his own rights and to defend against their infringement. The requirements of due process of law forbid the assertion of the plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. He is bound by that litigation only if he was a party thereto or in privity with a party thereto. The plaintiff in this case was not a party to the action brought by the Southern Railway Company against Malone Freight Lines. He is not in privity with any party in that action or in the sense that his rights there are derived from anyone who was a party in that action. His cause of action is and always has been his own. It is in no way derived from his employer Malone Freight Lines, who was a party in the action brought against it by the Southern Railway Company. The relation of employer and employee in and of itself does not confer upon the employer any power to represent or to bind the employee in any litigation. That the plaintiff testified as a witness in the former action is immaterial. He had no control over the conduct of the trial. He was not represented by counsel. His interest was not legally represented at the trial. Malone Freight Lines, the defendant in the previous action, was represented by counsel employed by Malone Freight Lines' insurance carrier to represent it, and not employed to represent the plaintiff here. The plaintiff in the present action could not cross-examine opposing witnesses in that case, nor could he require counsel for the Malone Freight Lines to cross-examine opposing witnesses. The present plaintiff had no authority as to what witnesses should be summoned or what witnesses should be put upon the witness-stand.[8]

■■ The language employed in the third defense by defendant suggests an alternate right to application of estoppel as well as res judicata. South Carolina recognizes a clear distinction between equitable estoppel and res judicata defining estoppel as being equitable whereas res judicata is a legal plea.[9] The impact is the same and the prerequisites may be narrowed to (1) identity of parties, (2) identity of subject matter, and (3) adjudication of the precise issue in the former proceeding. The prerequisites are not met in the present case. Fowler is not one and the same as Southeastern Freight Lines, and no privity exists to make him identical. Admittedly the subject matter is in part negligence, but this is a suit for personal injury as opposed to property damages. Earlier, South Carolina, in Jenkins v. Atlantic Coast Line R. Co., 89 S.C. 408, 71 S.E. 1010, 1012 (1911) stated.

[T]he true ground upon which a former judgment, in a case like this, should be allowed to operate as a bar to a second action is not res judicata, or technical estoppel, because the parties are not the same, and there is no such privity between them as is necessary for the application of that doctrine; but that in such cases, on grounds of public policy, the principle of estoppel should be expanded, so as to embrace within the estoppel of a judgment persons who are not, strictly speaking, either parties or privies. It is rested upon the wholesome principle which allows every litigant one opportunity to try his case on the merits, but limits him, in the interest of the public, to one such opportunity.

---

8. 119 F.Supp. at 659–660.

9. Watson v. Goldsmith, 205 S.C. 215, 31 S.E.2d 317. "Estoppel rests generally on equitable principles, which res judicata does not, but upon the two maxims which were its foundation in the Roman law, *nemo* debet bis vexari pro eadem causa (no one ought to be twice sued for the same cause of action) and interest reipublicae ut sit finis litium (it is in the interest of the state that there should be an end of litigation)."

Under no stretch of he imagination can it be said, under South Carolina law, that Fowler has had his "day in court."

This court is urged to apply the principles set forth in Mackey v. Frazier, 234 S.C. 81, 106 S.E.2d 895 (1959) in support of defendant's position. Without detailing the facts of that case, the court finds that they are altogether different. Plaintiff in the case decided was a party to the previous action.

■ Finally, this court takes cognizance of the reasoning in Graves v. Associated Transport, 344 F.2d 894 (4th Cir. 1965). Suffice it to say that the opinion gave interpretation to substantive law of Virginia, where the issues arose. The appellate court did not have the benefit of a clear cut Virginia decision. Fortunately, this court has not one, but many, South Carolina opinions for its guidance, as evidenced hereinbelow.[10] Accordingly, it has applied South Carolina law. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Plaintiffs prevail on the motion. The third defense is herewith stricken from the answer.

In accordance with 28 U.S.C. § 1292 (b), the court hereby certifies that it is of the opinion that the within order involves controlling questions of law as to which there are substantial grounds for difference of opinion and that an immediate appeal from the within interlocutory order of the court may materially advance the ultimate termination of the litigation; and that either party should have the opportunity to apply to the Court of Appeals for the Fourth Circuit for permission for an appeal to be taken from such order if either should so desire. Should such application for an appeal be made by either party and such permission be granted by the Court of Appeals, then further proceedings in this case shall be stayed until a determination of the appeal.

And it is so ordered.

10. Accord, Priester v. Southern Ry. Co., 151 S.C. 433, 149 S.E. 226 (1929); Simon v. Strock, 209 S.C. 134, 39 S.E.2d 209 (1946); Gillespie v. Ford, 225 S.C. 104, 81 S.E.2d 44 (1954).