## CIRCUIT COURT OF ARLINGTON COUNTY

O. Fred Peterson

v.

Allied Productions, Inc., et al.

September 26, 1973

Case No. (Law) 16069

By JUDGE CHARLES H. DUFF

This matter came on for hearing and argument of Defendants Allied Productions, Inc., Howard E. Caldwell, Martha L. Caldwell, and Charles D. Wheeler's Motion to Vacate the judgment entered against them on April 24, 1973. Various grounds are assigned in support of the motion, but, in essence, they collectively raise the sole issue of whether the Court had jurisdiction of the parties. A brief recital of the pertinent background may help to place the motion in proper context.

On November 24, 1972, Plaintiff filed his Motion for Judgment against Allied Productions, Inc., and seven individual Defendants, alleging, in essence, fraud of the Defendants by which the Plaintiff claimed extensive damages, both compensatory and punitive. The caption of the Motion for Judgment listed the addresses of all Defendants as being either in Atlanta or Decatur, Georgia. Filed with the Motion for Judgment was an Affidavit of Plaintiff's counsel that the last known post office addresses of the Defendants were indicated after their names and that he verily believed that each of the Defendants was a non-resident of the State of Virginia. The return of process indicated service upon Cynthia Newman, Secretary of the Commonwealth, on November 30, 1972. As regards

the four Defendants concerned in the present Motion, the Sheriff's return was unsigned, although the name "James H. Young, Sheriff, City of Richmond, Virginia" appeared at the bottom of each return on what was obviously a rubber stamp prepared to evidence service under these circumstances. An Affidavit of Compliance with the requirements of the "Long Arm Statute" was prepared and sworn to by Louise Jonas, Acting Secretary of the Commonwealth, on November 30, 1972.

No appearance was made by any of the Defendants, and upon appropriate motion of the Plaintiff, the Court awarded a Default Judgment as to liability on February 22, 1973, and, as the amount of damages was in dispute, the case was set for trial before a jury April 23, 1973, to ascertain the quantum thereof. On the latter date, after hearing evidence and receiving the instructions of the Court, the jury returned a verdict against all Defendants in the amount of $10,000.00 compensatory damages and $200,000.00 punitive damages. Judgment was entered on the verdict April 24, 1973. The present Motion to Vacate was filed June 11, 1973. All parties concede that at that time the judgment had become final and non-appealable but that the Court can entertain the question of jurisdiction being raised by the four aforementioned Defendants. The points raised are as follows:

I. *Defendants Contend that the Plaintiff Failed to Comply with the Provisions of Section 8-81.3, Code of Virginia.*

The Defendants' contention that service of process was invalid because it was made on the Acting Secretary of the Commonwealth is without merit, in my opinion. Section 8-81.3(b) specifically provides that "process or notice shall be made by leaving a copy . . . in the hands of the Secretary of the Commonwealth *or in his office.*" There is no statutory requirement that the Secretary of the Commonwealth be actually personally served. In fact, it appears that all that is required by the statute is that process be left in the office of the Secretary of the Commonwealth. I do not feel that the Affidavit executed by the Acting Secretary in any way invalidates the service. Nor does the fact that the Sheriff did not affix his written signature to the return invalidate

the service. The return carries the Sheriff's name, and the signature of the officer on the return is not part thereof. *See Slingluff v. Collins*, 109 Va. 717 (1909).

II. *The Motion for Judgment Failed to Allege That the Defendants are Subject to Service of Process Under the Virginia Long Arm Statute*

After a careful examination of the various cases cited in support of this point, I am of the view that the allegations of the Motion for Judgment are sufficient to bring the Defendants within the ambit of the Virginia Long Arm Statute. The allegations must show conduct on the part of a Defendant which comes within at least one of the seven types of activity embraced in the statute. There are no magic words required and the language employed in the pleadings must be read in its usual and normal sense. As was pointed out in 51 *Virginia Law Review* 732, subsections 1 and 2 base jurisdiction upon commercial activity and subsections 3 and 4 upon tortious acts or injuries in this state. However, the generalization that the first two sections deal solely with contract actions and the latter two with tort actions should not be made, for it is clear that the draftsmen of the Uniform Act intended for each of the subdivisions to be able to support a cause of action under *any* theory of law after the requisite acts had taken place. On this point, the Commissioner's comment states:

> Each of the subdivisions in subsection (a) will independently support jurisdiction. In some instances, a jurisdictional basis may be found under more than one subdivision . . . each of the subdivisions will support a cause of action under any theory of law. For example, a claim arising from "transacting business" may sound in contract, tort, or quasi-contract.

While the gravamen of the Plaintiff's action is fraud, there are also sufficient allegations contained in the Motion for Judgment to support the Court's jurisdiction on the commercial activity contemplated in paragraphs 1 and 2. The various cases cited turn not only on their

own peculiar facts but also on the language of the Long Arm Statutes in their particular states. In *Wells v. Braxton*, 227 N.E.2d 137 (1967), three non-resident defendants filed affidavits specifically denying residency or transaction of business in Illinois. No default judgment was taken as in the case before this Court. The Plaintiff failed to file counter affidavits, and the holding of the Court was that the defendants' affidavits, unchallenged, were sufficient to show non-residency in Illinois.

*McKenna v. Edgar*, 388 S.W.2d 927 (1965), involved the requirements of the Texas Long Arm Statute to the effect that a non-resident does not maintain a place of regular business in the state or a designated agent upon whom service of process may be made. It was held that these two requirements must be alleged in order for the Court to properly assert jurisdiction. No such requirements exist in the Virginia statute.

Finally, the fact that the three individual Defendants were not described as non-residents in the numbered paragraphs of the Motion for Judgment does not vitiate jurisdiction in my opinion. Their addresses were listed in the caption of the Motion as being in Georgia, and Plaintiff's counsel filed an affidavit with the Motion stating that they were non-residents. Furthermore, the Statute does not contain a requirement that a defendant be described as a non-resident. Under the circumstances, this deficiency, if such it is, does not defeat the Court's jurisdiction.

III. *Defendant, Martha Caldwell Was Not, in Fact, a Director, Officer, Agent, or Employee of Allied Productions, Inc.*

This Defendant contends that the judgment as to her is void because she was not, in fact, a director, officer, agent, or employee of the corporate Defendant as alleged in the Motion for Judgment. Accordingly, she says, the Court could never obtain valid jurisdiction over her. This ground for vacation of the judgment involves the applicability of Rule 3:17 of the Rules of the Supreme Court of Virginia to non-residents served under the Long Arm Statute. Plaintiff contends that upon valid service being made on the Secretary of the Commonwealth and upon default of Martha Caldwell, then she has, by her default,

admitted indebtedness to the Plaintiff in at least some quantum. In *Funkhouser v. Million*, 209 Va. 89 (1968), the Supreme Court quoted with approval from *Chappel v. Smith*, 208 Va. 272 (1967), as follows:

> Under our present practice and procedure in actions at law, the effect of the failure of a defendant to plead within the time prescribed . . . is that he cannot defend on the merits of the case and he admits that plaintiff is entitled to recover some damages, however small.

The plain mandate of the Rules and the decisions of the Virginia Supreme Court make it clear that a party against whom a valid and final default judgment has been rendered will not be heard to subsequently raise issues which might have been defenses on the merits of the Plaintiff's claim.

IV. *The Judgment Against Defendant, Charles D. Wheeler*

This Defendant contends that the judgment as to him is void because the address given was not the correct post office address and, further, that he had never lived at that address. Section 8-81.3(b) requires that notice of the service and a copy of process shall be sent by the Secretary of the commonwealth to the Defendant's "last known post office address." The statute does not specifically require that the notice be sent to the Defendant's residence. Under the cases cited and the facts alleged in argument by counsel, I am satisfied that the address used was one that was likely to give the Defendant proper notice. The address used in this case was that of the registered office and registered agent of the corporation where it was alleged the Defendant was employed, which corporation was a co-defendant in the case. *See Powell v. Knight*, 74 F. Supp. 191 (E.D. Va. 1947); *Waddell v. Mamant*, 72 N.W.2d 763 (1955); and *Connor v. Miller*, 96 N.E.2d 13 (1950).

## V. *The Judgment Entered Against Howard E. Caldwell*

This Defendant's position regarding the judgment entered against him is without merit, in my opinion. I have examined all of the cases cited and hold that there has been no showing of fraud on the part of the Plaintiff in the preparation of the judgment order and that even though the defendant's first name was incorrectly stated in the Motion for Judgment, and his initial used in the Judgment Order, he could not fail to know that he was the Defendant described and that the allegations of the Motion for Judgment were attributable to him.

For the reasons stated, I am of the opinion that the Motion to Vacate should be denied.