## CIRCUIT COURT OF FREDERICK COUNTY

Paig

v.

Snyder

April 19, 1984

Case No. (Law) 3654

By JUDGE ROBERT K. WOLTZ

The question presented is whether the defendant's assertion by plea of *res judicata* or collateral estoppel by judgment should be sustained.

Plaintiff Paig was employed as a truck driver by Dayton Transport Corporation. While acting in the scope of his employment the vehicle he was driving and that of the defendant Snyder were involved in a collision resulting in damage to the tractor-trailer owned by Dayton Transport and operated by Paig and in personal injuries to Paig himself. Dayton Transport and Paig respectively brought suits against Snyder for their damages, alleging the defendant's negligence as the cause thereof.

The Dayton Transport case against Snyder has been heard and final judgment entered on the verdict returned in the following form: "We, the jury, on the issue joined, find from the evidence that both the plaintiff and the defendant were negligent, and that their negligence proximately contributed to the accident." Instructions given in that case set forth the issues and the burdens thereon, specifically setting up the issue of contributory negligence alleged against Dayton Transport. After judgment in favor of Snyder in that case, he filed the pleading which is the subject of this decision.

Snyder's theory is that in the former case Dayton Transport as a plaintiff was found contributorily negli-

gent; the only way it could be so found was through the doctrine of *respondeat superior* based on negligence of its agent in proximately contributing to that accident.

Originally I had expected to write a more formal and much more extensive opinion more consonant with the extensive briefs replete with numerous citations filed by counsel. The plea of the defendant is denied for the following [reasons].

(1) As denominated in *Bates v. Devers*, 214 Va. 667 (1974), *res judicata-bar*, commonly referred to simply as *res judicata*, bars subsequent renewed litigation of a case already litigated to judgment. The ambit of the application of *res judicata-bar* is described in *Bates* as follows:

> A valid, personal judgment on the merits in favor of defendant bars relitigation of the *same cause of action*, or any part thereof which could have been litigated, between the same parties and their privies. [Emphasis in original.]

Patently Paig's suit being one for personal injuries is not the same cause of action as Dayton Transport's concluded suit for property damage. The suits not only involve two different plaintiffs, but distinctly different claims or causes of action, which causes are so distinct from one another that separate limitation of action periods apply to them. *See* § 8.01-243 providing a two-year limitation for personal injuries and a five-year limitation on injury to property. There is neither identity of parties nor of causes and *res judicata-bar* has no application.

(2) Collateral estoppel, sometimes referred to as estoppel by judgment, *Bates* at page 667, footnote 5, does not apply. This principle is applicable where there are different causes of action, its purpose being to prevent relitigation in a second action "any *issue* of fact actually litigated and essential to a valid and final personal judgment in the first action." *Id.*, at page 671.

The two principal reasons I find that collateral estoppel should not prevent Paig from litigating the issue of contributory negligence in his suit is first the doctrine of mutuality. In briefest terms this doctrine provides that Snyder cannot take advantage of the previous judgment in ·his favor in the suit of Dayton Transport

against him as decisive in this case of the issue of contributory negligence of Paig unless Snyder, as a result of judgment in the prior suit going against him instead of in his favor, would have prevented him from pleading contributory negligence of Paig in this pending suit. In my view Snyder could still have pled contributory negligence against Paig in this suit even though Paig's employer, Dayton Transport, in its suit had recovered a judgment against Snyder for his negligence.

Second, as to the concept of one's right to a day in court, this is closely allied to the principle of mutuality and has been considered as the policy underlying the latter principle. *See Bates, supra,* page 671, footnote 7. In Dayton Transport's suit against Snyder, Paig was not a party but a mere witness; his counsel did not draft the pleadings or frame issues; neither he, personally or through his counsel, was able to determine the strategies and tactics of possible settlement or of the trial and its conduct; and he was not able in any way to control cross-examination or what evidence to call or not call for, and the nature and limits of testimony elicited from him was in large measure controlled by another's counsel, not his own. Nor can Paig be considered the "privy" of Dayton Transport in the former suit. As to privity, *see Nero* v. *Ferris,* 222 Va. 807 (1981), and *Patterson* v. *Saunders,* 194 Va. 607 (1953).

Paig has not had his day in court and is entitled to do so. As stated in *Jenkins* v. *Atlantic Coast Line RR.,* 89 S.C. 408, 71 S.E. 1010 (1911), "[T]hose not parties have not had their day in court - that is, notice and an opportunity to present their side of the case - upon the claims made in the action." Those who do not have the important and numerous rights of parties, as Paig did not in the former suit of *Dayton Transport* v. *Snyder,* "are regarded as *strangers* to the cause." (Emphasis in original.) *Litchfield* v. *Goodnow,* 123 U.S. 549 (1888).