## CIRCUIT COURT OF THE CITY OF RICHMOND

Sonja E. Feggins

v.

Janice D. Booker

August 6, 1992

Case No. LU 1252–2

BY JUDGE ROBERT L. HARRIS, SR.

The underlying event which gave rise to this cause of action was an automobile accident on or about September 8, 1990, involving the Plaintiff, Sonja E. Feggins, and the Defendant, Janice D. Booker, in which the Plaintiff allegedly sustained personal injuries and property damage. The Plaintiff alleges that previously, in the General District Court of the City of Richmond, she filed suit against the Defendant for the property damage. The Defendant failed to respond or appear, and a default judgment was entered by the General District Court pursuant to its authority under Rule 7B:9(c). Subsequent to that judgment, the Plaintiff filed suit in the Circuit Court of the City of Richmond against the Defendant for the personal injuries she received as a result of the same accident. Because she was awarded a default judgment on her property damage claim, the Plaintiff argues that the Defendant is collaterally estopped from denying her liability for the Plaintiff's personal injuries and has filed this motion for partial summary judgment, pursuant to Rule 3:18. After consideration of the pleadings, applicable case law, and arguments of counsel, the Court denies the Plaintiff's motion on both procedural and substantive grounds.

Procedurally, the Plaintiff has failed to supply the Court with any evidence to support her allegation that a default judgment has been awarded by a court of competent jurisdiction. No evidence was presented to this Court that a suit had been filed in the General District Court, let alone that a final judgment had been entered. The Court cannot, therefore, grant partial summary judgment on that ground.

Although presumably the procedural problem could be easily rectified by the Plaintiff, the Court still must refuse the Plaintiff's motion on substantive grounds. In making that determination, the Court acknowledges that "[t]he plain mandate of the Rules and the decisions of the Virginia Supreme Court make it clear that a party against whom a valid and final default judgment has been rendered will not be heard to subsequently raise issues which might have been defenses on the merits of the plaintiff's claim," *Peterson v. Allied Productions, Inc.*, 11 Va. Cir. 385, 389 (1973) (interpreting *Funkhouser v. Million*, 209 Va. 89, 161 S.E.2d 725 (1968)). Virginia courts, however, have never clearly determined whether or not default judgments can be used for collateral estoppel in a case involving a separate claim arising out of the same transaction. T. Boyd, *Virginia Civil Procedure* § 12.11 at 467 (1982).

Collateral estoppel and issue preclusion are synonymous and involve preventing a relitigation of issues in a second action (1) between the same parties or their privities when (2) an issue of fact has been actually litigated and was (3) essential to a valid and final judgment in the first action. *Bates v. Devers*, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974); *Paig v. Snyder*, 7 Va. Cir. 227, 228 (1984). The Plaintiff here asserts that the default judgment against the Defendant involved the issue of Defendant's negligence, and a determination of that negligence was essential in determining whether or not to grant a default judgment on property damages.

The Court, however, finds that the issue of negligence was not actually litigated in the General District Court. "In the case of a judgment entered by confession, consent, or *default*, none of the issues is actually litigated. Therefore, [issue preclusion] does not apply with respect to any issue in a subsequent action." Restatement (Second) of Judgments § 27 cmt. e (1982) (emphasis added). In General District Court:

> a defendant who fails to appear in person or by counsel is in default and . . . [o]n request made in person in court by the plaintiff, plaintiff's attorney, plaintiff's regular and bona fide employee, or any other person authorized by law, judgment shall be entered for the amount appearing to the judge to be due. If the relief demanded is unliquidated damages, the court shall hear evidence and fix the amount thereof.

Rule 7B:9(c). Consequently, while the Plaintiff had to introduce some evidence to support her claim, since the Defendant did not appear, no actual litigation was required.

Additionally, due to the nature of the pleadings at the General District Court level, the Defendant may not have been aware that her negligence would be the basis for the General District Court's determination that property damages were owed to the Plaintiff. Since "the only desideratum is that [an issue] not be litigated twice," *Grip-Pak, Inc. v. Illinois Tool Works, Inc.*, 694 F.2d 466, 469 (7th Cir. 1982), *cert. denied*, 461 U.S. 958 (1983), the Court finds that its refusal to allow the default judgment to have issue preclusive effect does not entail hardship to the Plaintiff because the Plaintiff has not yet suffered the expense of actually litigating the Defendant's negligence or her own potential contributory negligence.

As a practical matter, the Court realizes that there are various reasons why a Defendant might choose to allow a default judgment to be entered against him, including "the smallness of the amount or the value of the property in controversy, the difficulty of obtaining the necessary evidence, the expense of the litigation, and his own situation at the time." *Cromwell v. County of Sac*, 94 U.S. 351, 356 (1876). Although there is no question that the default judgment is preclusive in subsequent litigation on the same claim, *cf., Washington v. Anderson*, 236 Va. 316, 320, 373 S.E.2d 712, 714 (1988) ("Once a valid default judgment has been entered in a Virginia court in a proceeding to domesticate a foreign judgment, . . . the defendant in the domestication proceeding has lost the opportunity to attack the foreign judgment upon which the Virginia proceeding was based."), the Court adopts the reasoning that:

> [i]t would be a harsh and oppressive rule which should make it necessary for one sued on a trifling claim to resist it and engage in costly litigation in order to prevent the operation of a judgment which would be held conclusively to have established against him every material fact alleged and not denied in the declaration, so as to preclude him from showing the truth if another controversy should arise between the same parties.

*Watts v. Watts*, 160 Mass. 464, 36 N.E. 479, 479 (1894).

"A judgment by default only admits for the purposes of the action the legality of the demand or claim in suit [and] does not make the

allegation of the declaration or complaint evidence in an action upon a different claim." *Cromwell*, 94 U.S. at 356. The Court, therefore, rejects Plaintiff's motion for partial summary judgment and shall require the parties to litigate the issue of liability, as well as the issue of damages, when the case comes to trial.