CASE No. 946.

## DILL v. MOON.

1. A refusal by the Circuit judge to grant a stay of judgment for the possession of land, pending an action for improvements under the betterment act of 1870, (*Gen. Stat.* 559,) is a denial of a substantial right, involving the merits, and is appealable.
2. There being nothing in the record to show that the improvements were not made in good faith—*Held,* that the stay should have been ordered.

---

Before KERSHAW, J., Greenville, July, 1878.

This case is fully stated in the opinion of the court.

*Mr. G. G. Wells,* for appellant.

*Messrs. Garlington & Moore,* contra.

November 30th, 1880. The opinion of the court was delivered by

McGOWAN, A. J. John P. Moon brought an action against John P. Dill to recover possession of five acres of land in Greenville county. Dill denied plaintiff's right, setting up title in himself. Each claimed under different grantors, but nothing further appears as to the manner in which Dill came into possession. The case was heard July 18th, 1878, and the

jury found for the plaintiff, Moon, the land in dispute and $1 damages. On July 19th, at 9:45 o'clock A. M., Dill filed in the clerk's office the complaint required by the statute to recover the value of alleged improvements on the land. July 22d the Circuit Court refused a motion for an order "that all proceedings in the case of John P. Moon against John P. Dill be suspended until the trial of this case." From this refusal Dill appeals to this court upon the following ground:

"Because the plaintiff was entitled to the stay prayed for as of right, and it is respectfully submitted that his Honor, the presiding judge, was without discretion and erred in refusing the order prayed for."

It does not appear upon what ground the Circuit judge refused the motion, but it is insisted here that his order was "intermediate," which did not involve the merits of the action, nor affect any substantial right in said action, but related only to a matter of procedure, and is not appealable. It is true that an order involving merely the exercise of discretion on the part of the court is not appealable, as error of law cannot be alleged against such an order. But it appears to us that this order denied a substantial right. The words of the amendment to the code of 1873 are "involving the merits," and it has been held that an order refusing a motion to transfer a case to the county where the defendants resided, after the law upon that subject had been changed, was a denial of a substantial right secured by statute, and appealable. *Blakely & Copeland* v. *Frazier et al.*, 11 *S. C.* 123.

What is said in that case is applicable to this: "The word 'merits' naturally bears the sense of including all that the party may claim of right in reference to his case. * * * It may be concluded that whenever a substantial right of the party to an action material to obtaining a judgment in such action is denied, a right of appeal lies to this court."

Did the refusal of the order deny to Dill, who had lost the land in the case of Moon against him, anything which he could claim of right in reference to his case? That must depend upon the question whether the facts of his case brought it within the provisions of the act of 1870, (*Gen. Stat.* 559,) in regard to im-

provements or betterments. If the case comes within that act, it was error of law to refuse the order. The first section of the act provides : " That after final judgment in an action to recover lands and tenements in favor of the plaintiff, if the defendant has purchased the lands and tenements recovered in such action, or taken a lease thereof, or those under whom he holds has purchased a title to such lands and tenements, or taken a lease thereof, supposing at the time of such purchase such title to be good in fee, or such lease to convey and secure the title and interest therein expressed, *such defendant shall be entitled to recover of the plaintiff in such action the full value of all improvements made upon such land by such defendant or those under whom he claims,* in the manner hereinafter provided." * * *

" SECTION 4. The court, on the entry of such action, shall stay all proceedings upon the judgment obtained in the prior action until a final judgment shall be rendered in this action," &c.

Within the time and in the manner prescribed, Dill claimed the right given by the first section of the act, and made a motion to stay all proceedings in the case of John P. Moon against him until the trial of the case, which was refused. Clearly, Dill had the right under the statute to have the case suspended, if he held, as a purchaser, a title which he had reason to believe was good. It is not alleged that he entered on the land by virtue of a contract with the legal owner, Moon, who had performed such contract on his part. Nor does it appear that he was a mere trespasser.

" Dill denied plaintiff's title, setting up title in himself." That was not precisely in the words of the act that he " had purchased the lands, supposing at the time of such purchase such title to be good in fee," but it does appear that each claimed under a different grantor, which, considering the purpose of the act, was equivalent to a claim as purchaser. It is not to be assumed that the title under which the improvements were made was fraudulent or pretensive. It must be considered to be *bona fide* until the contrary is made to appear, and there is nothing tending to negative the claim that he held under a title which he supposed to be good. Fraud is not lightly presumed. In the absence of proof to the contrary, the court assumes that the

improvements were made in good faith. If they were not, the jury can so find. The defendant in the action for the land should have an opportunity to have that question decided, and, in the meantime, by the express terms of the act, the judgment should be suspended. · The motion should have been granted, and the order refusing it is reversed.

SIMPSON, C. J., and McIVER, A. J., concurred.