17495

Finley MACKEY, Plaintiff-Respondent, v. Curtis Lee FRAZIER, Defendant-Appellant

(106 S. E. (2d) 895)

*Messrs. Williams & Parler,* of Lancaster, *for Appellant,*

*Messrs. Richards, Caskey & Richards,* of Lancaster, *for Respondent,*

February 2, 1959.

Moss, Justice.

It appears from the record that on November 9, 1957, a Ford truck owned by Sloan Williams, and being operated by his admitted agent and servant over and along State Highway 522 in Lancaster County, South Carolina, was in collision with a Chevrolet automobile owned and operated by Finley Mackey. The said Sloan Williams instituted an action against Finley Mackey for property damages sustained. The complaint alleged that the truck was being operated at the time by Curtis Lee Frazier, his agent and servant. Finley Mackey filed an answer and set up a general denial and the defense of sole negligence and contributory negligence of the operator of the truck, who was, as is heretofore stated, Curtis Lee Frazier. The said Finley Mackey, who was the defendant in said action, likewise set up a counterclaim for personal injuries and property damage, alleging that Curtis Lee Frazier was the agent and servant of, and performing duties for the said Sloan Williams at the time of the accident. He also alleged that his personal injuries and property damage were proximately caused and occasioned by the negligent, willful, wanton and reckless acts of Curtis Lee Frazier, acting as agent and servant of the said Sloan Williams. Upon the trial of this cause, a verdict was rendered in favor of the said Sloan Williams for his property damages in the amount of $476.21, which said verdict was paid by Finley Mackey.

The present action is one brought by Finley Mackey, the respondent herein, who was the defendant in the first action heretofore mentioned, against Curtis Lee Frazier, the appellant herein, who was alleged by both parties in the former action to be the agent and servant of Sloan Williams, the plaintiff in the action heretofore mentioned. The respondent, in his complaint, alleges that his property damage and personal injury were caused and occasioned by the negligent,

willful, wanton and reckless acts of the appellant. He alleges verbatim the same acts in his complaint that he had previously asserted in his counterclaim in the first action. The appellant set up as a defense the former adjudication in the action brought by Sloan Williams against Finley Mackey, the respondent herein, and moved for judgment on the pleadings on the ground that the former adjudication was a bar to the action brought by the respondent against the present appellant. The motion was heard by the Honorable C. Bruce Littlejohn, Presiding Judge of the Sixth Circuit, and thereafter he issued his order denying the motion for judgment on the pleadings. This appeal followed. The sole issue to be determined is whether when one sues the master for personal injury, caused by the sole negligence of the servant, and, failing in such action, can he then bring another action against the servant, alleging the same acts of negligence as the proximate cause of his injury and damage?

This Court has held that it is the settled rule in this jurisdiction that the identification of the master and servant is so complete that a joint action is maintainable against the two, even though the liability of the master rests upon the principle of *respondeat superior*. We have also held that where the servant is guilty of negligence or willfulness while acting for the master, within the scope of his employment, the liability is joint and several. *Cravens v. Lawrence,* 181 S. C. 165, 186 S. E. 269, and the cases therein cited.

When the respondent in this action filed a counterclaim in the first action above mentioned, he was in the same position of a plaintiff bringing an action against a defendant. *Johns v. Castles,* 229 S. C. 51, 91 S. E. (2d) 721. The respondent asserted the master's liability to him by reason of the negligence of the servant, because the servant was acting within the scope of his employment in the operation of the truck in question. It is true that a servant who is guilty of a negligent breach of duty towards a third person, resulting in injury to him, is liable therefor, whether

the principal is or not. *Bell v. Clinton Oil Mill,* 129 S. C. 242, 124 S. E. 7.

The appellant asserts that when the respondent pursued his remedy against the master to judgment, even though the judgment was unfavorable to the respondent, he became estopped by the judgment to bring an action against the appellant.

The doctrine of estoppel by judgment proceeds upon the principle that one person shall not a second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue which has been necessarily tried and finally determined, upon its merits, by a court of competent jurisdiction, in a judgment *in personam* in a former suit. *United States v. California Bridge & Construction Co.,* 245 U. S. 337, 38 S. Ct. 91, 62 L. Ed. 332.

In the case of *McNamara v. Chapman.* 81 N. H. 169, 123 A. 229, 31 A. L. R. 188, the plaintiff was injured by an automobile driven by the defendant, who was the owner's servant, the owner not being present at the time of the accident, the plaintiff had already recovered a judgment for his injuries against the master, and in this action sued the servant for the same injuries. The Court held that the judgment against the master for the tort of his servant was a bar to a suit by the same plaintiff against the same servant for the same cause of action, although the judgment had not been satisfied.

In the case of *Whitehurst v. Elks,* 212 N. C. 97, 192 S. E. 850, 851, the North Carolina Supreme Court announced the following rule:

"Where the relation between two parties is analogous to that of principal and agent, or master and servant, or employer and employee, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, should be accepted

as conclusive against plaintiff's right of action against the other."

The foregoing doctrine was reaffirmed in the case of *Leary v. Virginia-Carolina Joint Stock Land Bank,* 215 N. C. 501, 2 S. E. (2d) 570.

In the case of *Mooney v. Central Motor Lines, Inc.,* 6 Cir., 222 F. (2d) 572, 573, an action was brought against employer and employee to recover for alleged negligence of the employee. The Court held that a judgment, in a prior case, in favor of employer, sued by the same plaintiff for his employee's negligence, constituted a bar to a subsequent action against the employee for the same negligence. The Court said:

"A judgment in a negligence case in favor of a master or principal on the one hand, or the servant or agent on the other, sued alone, is *res adjudicata* and conclusive as to such negligence in a subsequent action against the other party. The doctrine of estoppel by judgment or *res judicata,* as a practical matter, proceeds upon the principle that one person shall not a second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue, which has been necessarily tried and finally determined upon its merits, by a court of competent jurisdiction. *United States v. California Bridge Co.,* 245 U. S. 337, 341, 38 St. Ct. 91, 62 L. Ed. 332.

"A judgment for an employer sued for his employee's negligence bars a subsequent action against the employee.

*Fightmaster v. Tauber,* 43 Ohio App. 266, 183 N. E. 116."

We adopt so much of the opinion in the *Mooney case* as it applies to the doctrine of estoppel by judgment.

However, we do not hold that a judgment in favor of Sloan Williams, who was the master, operates as *res judicata* in a subsequent action against his servant or agent for the reason that the parties are not the same and there is no

such privity between them as is necessary for the application of that doctrine. In order to make out a defense of *res judicata,* the following elements must be shown: (1) The parties must be the same or their privies; (2) The subject matter must be the same; and (3) While generally the precise point must be ruled, yet where the parties are the same or are in privity, the judgment is an absolute bar not only of what was decided but what might have been decided. *Antrum v. Hartsville Prod. Credit Ass'n,* 228 S. C. 201, 89 S. E. (2d) 376; *Melton v. Melton,* 229 S. C. 85, 91 S. E. (2d) 873.

It is interesting to note, as is pointed out in 23 A. L. R. (2d) beginnng at page 731, that many courts adhere to the rule that where liability in actions growing out of an accident is claimed because of the alleged negligence of a servant or agent, a judgment in favor of either the master or principal on the one hand, or the servant or agent on the other, sued alone, is *res judicata,* or conclusive, as to such issue of negligence in a subsequent action aganst the other, a derivative responsibility being present. In the case of *Canin v. Kesse,* 28A (2d) 68, 20 N. J. Misc. 371, the defense of *res judicata* was sustained where actions by the driver and the owner of a car which was in collision with a bus operated by the defendant for damages and injuries sustained in the accident, where it appeared that the plaintiffs had already instituted individual suits against the bus company and judgments had been rendered in favor of the latter. To the contention that *res judicata* could not be applied, because the present defendant was not a party to the prior suits, the court pointed out that while, strictly speaking master and servant were not in privity, yet where the relationship was undisputed and the action was purely derivative and depended entirely upon the doctrine of *respondeat superior,* it constituted an exception to the general rule, and the matter in issue, the negligence of the servant, being the same in both the present and former actions, the same proof was necessary to establish both actions, and thus judgment for the defendant employer in the first case barred retrial of the issues in the suit against the employee in the recent case.

In the case of *Jenkins v. Atlantic Coast Line R. Co.*, 89 S. C. 408, 71 S. E. 1010, 1012, a passenger claiming to be injured, sued the Columbia, Newberry & Laurens Railroad Company to recover damages resulting from the injuries. The case being tried on the merits, there was a judgment in favor of the company. Thereafter, the plaintiff brought another action in another county against the Atlantic Coast Line R. R. Company, the lessee and operator of the line, for the same cause of action. In holding that the first judgment was a bar to the second action, although the parties were not the same, the Court said:

"* * * the true ground upon which a former judgment, in a case like this, should be allowed to operate as a bar to a second action is not *res judicata,* or technical estoppel, because the parties are not the same, and there is no such privity between them as is necessary for the application of that doctrine; but that in such cases, on grounds of public policy, the principle of estoppel should be expanded, so as to embrace within the estoppel of a judgment persons who are not, strictly speaking, either parties or privies. It is rested upon the wholesome principle which allows every litigant one opportunity to try his case on the merits, but limits him, in the interest of the public, to one such opportunity. * * *"

We conclude that when the respondent asserted, by counter-claim, his claim for damages against Sloan Williams for the delicts of the servant, the appellant herein, such cause having resulted in a judgment in favor of the master, such judgment now estops the respondent in this action to bring an action against the appellant. The lower Court was in error in not so holding.

It is the judgment of this Court that the order of the lower Court should be reversed and this case remanded for the purpose of entering an order dismissing this action.

Reversed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.