21545

Ethel HIOTT, Appellant, v. CONTRACTING SERVICES, Dick
Bruchi, Charles Pfaff and Elizabeth Agnew Luke, Respondents.

(281 S. E. (2d) 224)

*A. Perritt Rollins, Jr.,* and *Howard R. Chapman,*
Charleston, *for appellant.*

*J. Rutledge ˚Young, Jr.,* of *Young, Clement, Rivers &
Tisdale,* Charleston, *for respondent Elizabeth Agnew Luke.*

August 11, 1981.

Gregory, Justice:

This appeal is from an order staying an action by the ap-
pellant wife, Ethel Hiott, for loss of consortium. We re-
verse and remand.

Appellant's husband, Marshall H. Hiott, while employed
as a painting subcontractor for respondent Contracting
Services, a partnership, fell from the second story porch of
respondent Elizabeth Agnew Luke's house in Charleston

on May 1, 1978. He sustained injuries rendering him a paraplegic. ·

The husband instituted a personal injury action against the respondents. When the trial judge directed a verdict for all respondents, the husband appealed but the appeal has not yet been heard by this Court.

In the meantime, Mrs. Hiott instituted this action. Respondent Luke then moved for a stay of this action pending a determination of the husband's appeal. The trial judge granted the stay.

The first question is whether an order granting a stay may be appealed. In this State, a stay is appealable. *Dill v. Moon*, 14 S. C. 338 (1880); 18 A .L. R. (3d) [400] 409 (1968).

The next question then is whether the granting of the stay in this case was proper.

In *Priester v. Southern Ry. Co.*, 151 S. C. 433, 149 S. E. 226 (1929), this Court held a directed verdict against the wife because of her contributory negligence in a federal action did not bar the husband's cause of action for loss of consortium in the state court. The court noted, at p. 436, 149 S. E. 226, "The causes of action in the two cases are entirely different and distinct, and the judgment in favor of the defendants in an action on one is not a bar to an action on the other."

Applying the principles of *Priester* to this case, we find the trial judge erred in granting a stay on the wife's action for loss of consortium while her husband's action for personal injuries is pending on appeal in this Court.

Accordingly, we reverse the order of the trial judge and remand the case for a trial on the merits.

Reversed and remanded.

LEWIS, C. J., and NESS and HARWELL, JJ., concur.

LITTLEJOHN, J., dissents.

LITTLEJOHN, Justice (dissenting) :

634

I respectfully dissent and would affirm the order of the lower court. While recognizing that the result of the action of Ethel Hiott, wife, does not necessarily hinge upon the outcome of the husband's appeal, I am of the view that the disposition of the appeal is so related to the merits of the case and rulings to be made therein that in the interest of judicial economy a trial judge should have a discretion in staying the action temporarily. I find no abuse of discretion and would affirm.