Robert George WATKINS, Appellee,

v.

M. & M. TANK LINES, INC., Appellant.

No. 82–1048.

United States Court of Appeals,
Fourth Circuit.

Sept. 13, 1982.

Decided Nov. 22, 1982.

Rehearing Denied Dec. 28, 1982.

Raymond S. Baumil, Charleston, S.C. (Solomon, Kahn, Smith & Baumil, Charleston, S.C., on brief), for appellant.

J. Robert Peters, Jr., Ridgeland, S.C. (Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A., Ridgeland, S.C., on brief), for appellee.

Before HAYNSWORTH, Senior Circuit Judge, and SPROUSE and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge:

The appellant asks this court to reverse the order of the district court holding that the doctrine of offensive collateral estoppel prevented appellant from raising a defense as to liability in a personal injury action because the issue of liability had been decided against the appellant in a previously tried loss of consortium action brought by appellee's wife in state court. We grant the appellant's request and remand this case to the district court for trial.

This action was filed in United States District Court on September 22, 1980 seeking damages for personal injuries allegedly suffered by Robert George Watkins when a tractor-trailer rig driven by appellant's employee collided with Watkins' automobile on April 3, 1975. Discovery was completed and a jury was drawn in February 1981, but the case was not reached for trial. In March 1981, appellee's ex-wife, Barbara Watkins, filed a suit for loss of consortium against appellant in the Court of Common Pleas for Hampton County, South Carolina. Appellee and Barbara Watkins were legally married and living together from the time of the accident in April 1975 until 1979. The loss of consortium action was tried on September 29, 1981, and Barbara Watkins received a $5,000.00 verdict. Appellant took no appeal from that verdict.

Appellee then moved for summary judgment in the present action on the issue of liability only. The district court stated appellee's argument as follows: "[D]efendant M & M Tank Lines, Inc. should be barred from raising a defense as to liability in the instant case inasmuch as the prior loss of consortium action involved the same issues of negligence and contributory negligence which were joined, litigated and concluded adversely to the defendant." *Watkins v. M & M Tank Lines, Inc.*, 527 F.Supp. 290, 291 (D.S.C.1981).

The district court granted appellee's motion for summary judgment, and appellant took an immediate appeal of the district court's action pursuant to 28 U.S.C. § 1292(b) (1976). The appeal raises a single issue: whether the South Carolina Supreme Court would apply offensive collateral estoppel to preclude the defendant in a personal injury action from contesting the is-

sue of liability when that issue has been decided against that defendant in a previous loss of consortium action brought by the plaintiff's spouse.

This case is in federal court solely by reason of the diversity of citizenship of the parties. Therefore, it is clear that we must decide this case in accordance with the substantive law of the State of South Carolina. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Graves v. Associated Transport, Inc.,* 344 F.2d 894 (4th Cir.1965).

The doctrine of collateral estoppel, as does the doctrine of res judicata, operates to prevent relitigation of matters determined in a prior proceeding. In order to preclude the relitigation of a particular issue, the party seeking to assert collateral estoppel must show that the issue in question was actually litigated in a prior proceeding, and that the party against whom he seeks to assert collateral estoppel "had a full and fair opportunity to litigate the relevant issue effectively in the prior action." *Graham v. State Farm Fire and Casualty Insurance Co.,* S.C., 287 S.E.2d 495, 496 (1982).

Unlike collateral estoppel, the doctrine of res judicata precludes not only the relitigation of issues that were actually decided but also issues which could have been presented for determination. *Mackey v. Frazier,* 234 S.C. 81, 106 S.E.2d 895 (1959). The following elements must be shown to make out a plea of res judicata:

(1) The parties must be the same or their privies; (2) The subject matter must be the same; and (3) while generally the precise point must be ruled, yet where the parties are the same or in privity, the judgment is an absolute bar not only of what was decided but what might have been decided. *Id.* at 86, 106 S.E.2d at 899.

Collateral estoppel is distinguished from res judicata by the lack of a requirement of technical privity between the parties and the lack of a requirement that the causes of action in the two suits be the same. *See Graham; Mackey.*

Although the South Carolina Supreme Court recognizes the general application of res judicata and collateral estoppel it has long employed a special rule when the two cases involved in litigation are a personal injury suit by one spouse and a suit for loss of consortium by the other spouse. The first case to state this principal, and the case most often cited in support of it, is *Priester v. Southern Ry.,* 151 S.C. 433, 149 S.E. 226 (1929). The plaintiff in *Priester* brought an action in state court for loss of consortium based on injuries sustained by his wife in a collision between a car in which they were both riding and defendants' train. The defendants argued that the plaintiff's action was barred because the issues had already been adjudicated in favor of the defendants in a suit brought in United States District Court by the plaintiff's wife to recover for her personal injuries suffered in the same collision. The South Carolina Supreme Court held that the judgment in the first case did not bar the action by the husband in the second case: "The causes of action in the two cases are entirely different and distinct and the judgment in favor of the defendants in an action on one is not a bar to an action on the other." *Id.* at 435, 149 S.E. at 227.

The holding in *Priester* has been followed by the South Carolina Supreme Court in two more recent cases, *Hiott v. Contracting Services,* 276 S.C. 632, 281 S.E.2d 224 (1981), and *Gillespie v. Ford,* 222 S.C. 46, 71 S.E.2d 596 (1952). In both cases, the first action brought by one spouse for personal injuries resulted in a verdict against that spouse. When the second spouse brought a subsequent action for loss of consortium against the same defendants, the Supreme Court held that the judgment in the first suit did not bar the action by the second spouse for loss of consortium.

The district court held that *Priester* and its progeny are not dispositive of the issue of whether the South Carolina Supreme Court would apply collateral estoppel in the present case. *Watkins v. M & M Tank Lines, Inc.,* 527 F.Supp. 290, 292 (D.S.C. 1981). It reasoned that *Priester* was simply a decision on the issue of res judicata and that the issue of whether to apply collateral

estoppel in consortium cases had not been presented to the South Carolina Supreme Court. We find the district court's argument unconvincing for several reasons.

Although the position of the district court finds support in the language of the majority opinion in *Priester,* the dissenting opinion by Justice Cothran demonstrates clearly that he considered the issue of collateral estoppel and would have barred the husband's action for loss of consortium based on that doctrine. *Priester,* 151 S.C. at 441–42, 149 S.E. at 232–33. Notwithstanding the fact that the majority opinion appears to decide the case based solely on res judicata, the dissenting opinion clearly indicates that both res judicata and collateral estoppel were before the court.

The recent affirmances of *Priester* in *Hiott v. Contracting Services* and *Gillespie v. Ford* demonstrate that the South Carolina Supreme Court would not apply collateral estoppel in a loss of consortium case. Neither decision discusses collateral estoppel but each repeats the *Priester* holding: "The causes of action in the two cases are entirely different and distinct and the judgment in favor of the defendants in an action on one is not a bar to an action on the other."

At the time of the decisions in *Priester* and *Gillespie,* the South Carolina Supreme Court had clearly recognized the doctrine of collateral estoppel. *Johnson-Crews Co. v. Folk,* 118 S.C. 470, 111 S.E. 15 (1922); *Jenkins v. Atlantic Coastline R.R.,* 89 S.C. 408, 71 S.E. 1010 (1911). At the time of the decision in *Hiott,* the doctrine had gained even greater acceptance. *See Mackey v. Frazier,* 234 S.C. 81, 106 S.E.2d 895 (1959). If the South Carolina Supreme Court had desired to decide *Priester, Gillespie,* or *Hiott* on the basis of collateral estoppel, ample precedent existed in South Carolina for such a decision.

The appellee argues *Mackey v. Frazier, supra,* and *Graham v. State Farm Fire and Casualty Insurance Co.,* S.C., 287 S.E.2d 495 (1982), demonstrate a greater willingness on the part of the South Carolina Supreme Court to apply the doctrine of collateral estoppel. However, they did not involve causes of action for personal injury and loss of consortium. *Priester, Gillespie* and *Hiott* were all decided at times when the South Carolina Supreme Court had already declared its acceptance of collateral estoppel, and in each the South Carolina court was consistent in its holding.

A further distinction between *Mackey* and *Graham* and the *Priester* line of cases is found in the fact that *Mackey* and *Graham* are both cases where a plaintiff attempted to bring suit twice on what was essentially the same cause of action. In contrast, the South Carolina Supreme Court makes it clear in *Priester* that a cause of action for personal injury and a cause of action for loss of consortium based on that personal injury are two separate and distinct actions.

The parties raise other issues concerning the propriety and fairness of the application of offensive, as opposed to defensive, collateral estoppel. Because of the court's decision that the South Carolina Supreme Court would refuse to apply collateral estoppel at all in the present situation, it is unnecessary to reach the issue of whether that court would apply offensive collateral estoppel.

For the foregoing reasons, the judgment of the district court is reversed and the case is remanded to the district court for trial.

REVERSED AND REMANDED.