631 S.E.2d 529

Debra EDWARDS, individually and as class representative for all those similarly situated, Appellant,

v.

SUNCOM, a member of the AT&T wireless network, d/b/a Triton PCS Operating Company, LLC, Respondent.

No. 26148.

Supreme Court of South Carolina.

Heard March 21, 2006.
Refiled June 12, 2006.

Natale Fata, of Surfside Beach, for Appellant.

Charles S. Altman, of Charleston, and Michael D. Hays, of Washington, for Respondent.

## ORDER

The petition for rehearing is granted, and the attached opinion is substituted for the opinion previously filed in this matter.

s/ Jean H. Toal, C.J.

s/ James E. Moore, J.

s/ John H. Waller, Jr., J.

s/ E.C. Burnett, III, J.

PLEICONES, J., not participating.

Justice WALLER:

This is an appeal from an order of the circuit court granting SunCom's motion to stay the action. The circuit court simultaneously ordered SunCom to seek a ruling from the Federal

Communications Commission (FCC) as to whether an "early termination fee" constituted a "rate charged."[1] Edwards appeals. We dismiss the appeal as interlocutory.

## FACTS

In March 2000, Edwards signed a service agreement to become a SunCom cellular telephone customer. She cancelled the agreement after the initial 12 month service period, and was charged a $200.00 early cancellation fee. She filed this action in the circuit court alleging the cancellation fee was charged in breach of the terms of the agreement.[2] SunCom moved for judgment on the pleadings or alternatively to dismiss or stay the action. The trial court issued an order staying the matter and, further, requiring SunCom to petition the FCC to seek a declaratory ruling as to whether the early termination fee was a "rate charged." The matter was stayed pending the FCC's ruling. Edwards appeals.

## ISSUE

The sole issue we need address is whether an order granting a stay is immediately appealable. We hold that it is not.

Absent some specialized statute, the immediate appealability of an interlocutory or intermediate order depends on whether the order falls within S.C.Code Ann. § 14–3–330. *Baldwin Const. Co., Inc. v. Graham*, 357 S.C. 227, 593 S.E.2d 146 (2004). Pursuant to S.C.Code Ann. § 14–3–330, the following types of orders are appealable:

---

1. A state is preempted from regulating the entry of or the rates charged by any commercial mobile telephone service by 42 USC § 332(c)(3)(a) of the Federal Communications Act.

2. The contract initialed by Edwards states, "My service plan has a 12 month service contract and if terminated prior to the end of that term I will be charged a cancellation fee of $200.00 to my account. I also understand that my contract automatically renews for one year past 3/24/01. I understand if I do not wish for my contract to automatically renew, cancellation requires 30 days written notification prior to automatic renewal date."

(1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; provided, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from;

(2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action;

(3) A final order affecting a substantial right made in any special proceeding or upon a summary application in any action after judgment; and

(4) An interlocutory order or decree in a court of common pleas granting, continuing, modifying, or refusing an injunction or granting, continuing, modifying, or refusing the appointment of a receiver.

We find the present order does not fall into any of these categories. It does not involve the merits, affect a substantial right, or prevent a judgment from which an appeal may later be taken.

An order which involves the merits is one that "must finally determine some substantial matter forming the whole or a part of some cause of action or defense." *Mid–State Distribs. v. Century Importers, Inc.*, 310 S.C. 330, 334, 426 S.E.2d 777, 780 (1993). Interlocutory orders affecting a substantial right may be immediately appealed pursuant to § 14-3-330(2). Orders affecting a substantial right "discontinue an action, prevent an appeal, grant or refuse a new trial, or strike out an action or defense." Id. at 335 n. 4, 426 S.E.2d at 780 n. 4.

The order here does not discontinue the proceeding. It merely temporarily stays the matter pending a ruling by

the FCC. Accordingly, we find an order granting a stay is not immediately appealable.

Edwards cited *Hiott v. Contracting Services*, 276 S.C. 632, 633, 281 S.E.2d 224, 225 (1981), as supporting her claim that an order granting a stay is directly appealable. However, *Hiott* adopted this rule, without discussion, citing *Dill v. Moon*, 14 S.C. 338 (1880). *Dill* dealt with the refusal to stay an action and, further, is based upon broad language which this Court no longer follows. The *Dill* court noted that the 1873 code allowed appeals from orders "involving the merits." It went on to cite an 1878 case holding that an order denying a motion to transfer a case to the county of the defendant's residence, after the law upon that subject had been changed, was immediately appealable. The Dill court stated, "[t]he word 'merits' naturally bears the sense of including all that the party may claim of right in reference to his case.... It may be concluded that whenever a substantial right of the party to an action material to obtaining a judgment in such action is denied, a right of appeal lies to this court." Under § 14–3–330, however, an order must affect a substantial right **and** prevent a judgment from which an appeal may later be taken in order to be immediately appealed. Accordingly, we find *Hiott* and *Dill* are no longer good law such that they are overruled.[3]

**APPEAL DISMISSED.**[4]

TOAL, C.J., MOORE and BURNETT, JJ., concur.

PLEICONES, J., not participating.

---

3. To the extent it is inconsistent with our holding today, we likewise overrule the Court of Appeals' recent opinion in *Carolina Water Svc. v. Lexington County Joint Municipal Water and Sewer Comm'n*, 367 S.C. 141, 625 S.E.2d 227 (2006).

4. We note that, although we find no abuse of discretion in the grant of a stay in this case, Edwards is free to move the circuit court for a lift of the stay, or such other relief as may be necessary, if the matter pending before the FCC is unduly delayed.