THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Erik C. Walsh, Respondent,
v.
Jodie Walsh, Appellant.
 
 
 

Appeal From York County
 Jane D. Fender, Family Court Judge

Unpublished Opinion No. 2007-UP-093
Heard January 10, 2007  Filed February 23, 2007

APPEAL DISMISSED

 
 
 
Rebecca R. West, of Columbia; for Appellant.
Pamela Michele Pearson, of Rock Hill; for Respondent.
 
 
 

PER CURIAM:  Jodie Walsh (Mother) appeals a family court order resulting from an emergency custody hearing brought by Erik Walsh (Father).  The family court ordered her not to remove the children from South Carolina pending resolution of custody issues.  Mother argues the family court lacked jurisdiction because the divorce took place in New York, and Mother and children had lived in South Carolina for approximately four months.  We dismiss the appeal.
FACTS
Father and Mother married on July 6, 1991, and separated in April 1998.  The couple was divorced on November 17, 2002, by a New York court order.  The marriage produced three children, all of whom are minors.  New York orders dated July 18, 1998, and July 20, 1999, awarded Father and Mother joint custody, with Mother having physical custody.  
On October 21, 2005, Father filed a Complaint For Setting Expedited Hearing seeking emergency temporary custody of the minor children,
 alleging that Mother left the minor children unattended on a regular basis and that he could provide a stable home for the children.  Father also stated the parties had relocated to South Carolina in July of 2005, and that Mother had told him she planned to move back to New York with the children on October 28, 2005.    
Following a hearing, the family court issued an  order, dated November 27, 2005, assuming jurisdiction of the matter on the grounds that Father resided in North Carolina, Mother resided in South Carolina, and because   substantial evidence no longer existed in New York regarding the children.  The court ordered that the children should remain in Mothers custody and could not leave South Carolina except when visiting Father in North Carolina.  The family court also appointed a guardian ad litem to represent the interests of the children and granted the parties the right to engage in discovery.  This appeal followed.
LAW/ANALYSIS
Mother argues the family court erred in assuming jurisdiction of this case under both the South Carolinas Uniform Child Custody Act and under the federal Parental Kidnapping Prevention Act.  We decline to address these issues because we hold the underlying order is interlocutory and hence not immediately
appealable.
Absent some specialized statute, the immediate appealability of an interlocutory or intermediate order depends on whether the order falls within section 14-3-330 of the South Carolina Code.  See  Baldwin Construction Co., Inc. v. Graham, 357 S.C. 227, 230, 593 S.E.2d 146, 147 (2004).  Interlocutory orders affecting a substantial right may be immediately appealed if they discontinue an action, prevent an appeal, grant or refuse a new trial, or strike out an action or defense.  S.C. Code Ann. § 14-3-330(2) (1976); Edwards v. Suncom, 369 S.C. 91, 94, 631 S.E.2d 529, 531 (2006).  
By its very terms, the order under appeal is not final.  Indeed, the family court judge stated at the hearing that she was acting on an expedited emergency basis.  The judge specifically invited the parties to file for a temporary action (sic) and get all these other issues settled but right now the children are not leaving the this state and a guardian will be appointed.
Mother argues this court recently held that [m]atters involving the custody of ones child certainly constitute a substantial right.  Widdicombe v. P. Tucker-Cales, 366 S.C 75, 85, 620 S.E.2d 333, 338 (Ct. App. 2005).  This case is unlike Widdicombe, a case limited to its peculiar facts and procedural posture.[1]  Nothing makes the family courts order in this case effectively final.  South Carolina law clearly holds that an order denying a challenge to the trial courts subject matter jurisdiction is interlocutory and not immediately appealable.  Deskins v. Boltin, 319 S.C. 356, 357 461 S.E.2d 395, 396 (1995).  Therefore this order is not presently appealable under section 14-3-330 of the South Carolina Code (1976).
For the reasons stated above, we find the family courts order is not appealable, and therefore decline to address Mothers jurisdiction arguments.  
APPEAL DISMISSED.
HEARN, C.J., and KITTREDGE and WILLIAMS, JJ., concur.

[1] In Widdicombe, a temporary order reversing custody had been stricken from the active roster for over three years, and the appellants motion for relief from judgment in the family court had been denied as interlocutory and past the statute of limitations, but the family court had reaffirmed its subject matter jurisdiction.  The Court of Appeals found the family courts orders thus had the practical effect of a final order affecting the appellants substantial rights.