THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Service Corporation of South Carolina, Respondent,
 
 
 

v.

 
 
 
 Bahama Sands Development, LLC, Landmark Builders of South
 Carolina, LLC, and Janice B. Musante, Defendants.
 Bahama Sands Development, LLC, Third
 Party-Plaintiff,
 
 
 

v.

 
 
 
 Keith Gottlieb, Featured Properties, LLC, John Thomas, Daniel McCullouch,
 John Bischof, Chris Wilcox, Glenn Mauney, Alan Sechtin, Craig Thibeault,
 Richard Caron, Richard Zigabarra, Dwight Good, Maureen Matusak, Elmer Craft,
 Katrina Koons, Sabrina Morin, Robert Gjormand, West Coast Properties, LLC,
 Tim Thomas, Marriee Welch, Wayne Rabon, Clay Branyon, Joseph Johnson, Nell
 Buffkin, Roy Clyburn, Jr., Thomas Hastings, Michael Mockler, John Booher,
 John Bernabei, Greg Anderson, Doug Hardy, David McCullough, Cape Fear
 Discount, Clyde Gilmore, III, Gillmore Holdings, LLC, Vincent Formale,
 Cahobe, LLP, Carolina Family Pharmacy, Inc., John Calhoun, Greg Carper, Ed
 Thomas, Jan and Helen Janick, Greg Kupetz, Robert Brooks, R. W. Rogers,
 Robert Castellani, George Bigham, Rick Funderburke, Ron Bridges, Gene Fisher,
 Steve Smith, Thomas Magee, Tony Thorpe, Jayne Workman, Tim Tippman, L. J.
 Rogers, Walter Johnson, Henry King, Jr., Janice Musante, Kyle Taylor, David
 Armstrong, Ann Brown, Jimmy Crawford, Donald Hedelston, Brent Caldwell,
 Anthony Winters, Kevin Smith, Spencer Thomas, Richard Schmidt, Terence
 Almengual, Brad Conklin, Phillip Aja, Stephen Orr, Bruce Bright, Ken Deal,
 Kevin Castellani, Robert Mockler, Third-Party
 Defendants.
 John Booher, Walter Johnson, Bruce Bright, Wayne Bright, Kyle
 Taylor, Stephen Orr, Brett Setzer, Glenn Mauney, Joan Mauney, Kevin Smith,
 Butterfield Properties, LLC, Keith Gotlieb and assigns, Steve Leonardo, Bob
 McCracken, Thomas W. Ray, Wendy D. Ray, John J. Bernabei, Janice B. Musante,
 David Armstrong, Joanne Armstrong, Donald Brein, Courtney Brien, Craig
 Thibeault, Carolina Family Pharmacy, Inc., John Calhoun, John Henry King,
 Jr., Richard Schmidt, Tony Thorpe, Tanya Thorpe, Richard Caron, Susan Caron,
 Maureen Matusak (Unit # 906), Maureen Matusak (Unit # 505), Maureen Matusak
 (Unit # 903), Robert Mockler, Featured Properties, LLC, David McCulloch (Unit
 # 609), Daniel McCulloch and John Thomas (Unit # PH4), James Crawford (Unit #
 1206), James Crawford (Unit # 1104), James Crawford (Unit # 1107), Vincent
 Formale, Jan Janick, Thomas Hastings, Michael Mockler, Spencer Thomas, Greg
 Anderson, Doug Hardy, Alan Sechtin, Katrina Koons and Sabrina Morin, Fourth-Party
 Plaintiffs,
 
 
 

v.

 
 
 
 Bahama Sands Development, LLC, Malibu Pointe Development, LLC,
 and Service Corporation of South Carolina, Martin E. Brown, Charles F.
 Christopher, William K. Buffkin, Kit Christopher, and John Doe, representing
 unknown individuals responsible for the care, custody, control, and
 disbursement of earnest money deposits of Bahama Sands Development, LLC, Fourth-Party
 Defendants,
 of whom Stephen Orr, David Armstrong, Joanne Armstrong, Donald
 Brien, Courtney Brien, Craig Thibeault, Carolina Family Pharmacy, Inc., d/b/a
 Cape Fear Discount Drugs, Carolina Family Pharmacy, Inc., John Calhoun, John
 Henry King, Jr., Richard Schmidt, Tony Thorpe, Tanya Thorpe, Richard Caron,
 Susan Caron, Katrina Koons, Sabrina Morin, John Booher, Bruce Bright, Wayne
 Bright, Kyle Taylor, Walter Johnson, Stephen and Dawn Orr, Ron Bridges, Glenn
 Mauney, Joan Mauney, Kevin Smith and Butterfield Properties, LLC, Keith
 Gottlieb, and Assigns, Steve Leonardo and Bob McCracken, Thomas W. Ray, and
 Wendy D. Ray, John J. Bernabei, and Janice Musante are the Appellants.
 
 
 

Appeal From Horry County
Ralph B. Stroman, Master-in-Equity

Unpublished Opinion No. 2011-UP-300   
 Submitted June 1, 2011  Filed June 14,
2011

APPEAL DISMISSED

 
 
 
 Jarrod E. Ownbey and Randall K. Mullins,
 both of North Myrtle Beach, for Appellants.
 Henry F. Sewell, of Atlanta, Georgia, Richard
 M. Smith, of Pawleys Island, and Robert L. Widener, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Several
 purchasers of condominiums (the Appellants) in the Bahama Sands Horizontal
 Property Regime (the Development) appeal the order of the master-in-equity
 denying their motion to stay.  We
 dismiss[1] this appeal as not immediately
 appealable.
This appeal arises from a
 foreclosure action brought by Service Corporation of South Carolina, which held
 a mortgage interest in the Development, against the developer.  At the time the
 action was brought, several breach of contract actions, filed by Appellants,
 were pending against the developer.  Because of these pending claims, the
 developer filed a third-party complaint against the Appellants, seeking
 indemnification and a determination of priority of interests in the Development.
  Appellants in turn reasserted their breach of contract claims against the
 developer, as well as Service Corporation.  The circuit court then severed the
 foreclosure claim from the breach of contract claims and referred the
 foreclosure action to the master for a final determination.
Appellants moved to stay the
 foreclosure hearing pending a jury trial in the circuit court on the severed
 breach of contract claims.  They argued they were entitled to a finding by a
 jury on facts common to both the legal and equitable claims.  Finding no
 disputed common facts, the master denied the motion, and a foreclosure hearing
 was scheduled.  This appeal followed.
The jurisdiction of this
 court to hear interlocutory appeals is limited by statute to certain
 circumstances.  S.C. Code Ann. § 14-3-330 (Supp. 2010).  Because a motion to
 stay is interlocutory, we must determine, as a threshold matter, whether the
 circumstances of this appeal fall within the categories prescribed by section
 14-3-330.  Based on the reasoning of Edwards v. SunCom, 369 S.C. 91, 631
 S.E.2d 529 (2006), we find they do not.
"Absent some specialized
 statute, the immediate appealability of an interlocutory or immediate order
 depends on whether the order falls within [section] 14-3-330."  Id. at 93, 631 S.E.2d at 530.  Applying section 14-3-330 to an appeal of a ruling
 on a motion to stay, our supreme court in Edwards identified the
 relevant analysis to be whether the order "involve[d] the merits, affect[ed]
 a substantial right, or prevent[ed] a judgment from which an appeal may later
 be taken."  Id. at 94, 631 S.E.2d at 530.  It reasoned "[a]n order which involves the merits is one that must finally
 determine some substantial matter forming the whole or a part of some cause of
 action or defense."  Id. (citation and internal quotation
 marks omitted).  Moreover, it defined an order "affecting
 a substantial right" as one that "discontinued an action [or] prevent[ed]
 an appeal."  Id. (citation and internal quotation marks
 omitted).  Finding that the order, which granted a
 motion to stay, did not discontinue the proceeding, the supreme court held
 "an order granting a stay is not immediately appealable."  Id. at 95, 631 S.E.2d at 531.
Here, the order
 denying Appellants' motion to stay did not involve the merits, affect a
 substantial right, or prevent a judgment from which an appeal may later be
 taken.  Therefore, we hold Appellants' appeal is not immediately appealable.
APPEAL DISMISSED.
FEW, C.J., PIEPER and
 LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.