THIS OPININON HAS NO
 PRECEDENTAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR. 
 THE
 STATE OF SOUTH CAROLINA
In
 The Court of Appeals

 
 
 
 Elizabeth Livingston, Respondent,
 
 
 

 v.

 
 
 
 Danube Valley Exports,
 LLC, Vicki W. Smith, and William Smith, Appellants.
 
 
 

 Appeal
 From Charleston County
Kristi
Lea Harrington, Circuit Court Judge

 Unpublished
 Opinion No. 2012-UP-037
Heard
December 5, 2011  Filed January 25, 2012 

 DISMISSED

 
 
 
 Rolf
 Mouin Baghdady, of Chapin, for Appellants.
 Timothy
 James Wood Muller, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Danube Valley
 Exports, LLC, Vicki W. Smith, and William Smith (collectively Danube Valley)
 appeal  the circuit court's order requiring Danube Valley to vacate its leased
 premises and pay past due rent to the owner of the leased premises, Elizabeth
 Livingston (Livingston).  Danube Valley claims the circuit court erroneously
 applied an ejectment statute when it ordered vacation of the premises and
 payment of rent because Danube Valley never objected to vacating the premises,
 only to the amount of rent due.  
Because Danube Valley conceded during
 oral arguments the circuit court's order is interlocutory, we dismiss pursuant
 to the following authorities:  Edwards v. SunCom, 369 S.C. 91, 94, 631
 S.E.2d 529, 530 (2006) ("An order which involves the merits is one that
 'must finally determine some substantial matter forming the whole or part of
 some cause of action or defense.'") (internal citation omitted); Brown
 v. Cnty. of Berkeley, 366 S.C. 354, 361, 622 S.E.2d 533, 537 (2005) ("It
 is well settled that an interlocutory order is not immediately appealable
 unless it involves the merits of the case or affects a substantial right.")
 (internal citation omitted); Ex parte Wilson, 367 S.C. 7, 13, 625 S.E.2d
 205, 208 (2005) ("[Interlocutory] orders affecting a substantial right, 'discontinue
 an action, prevent an appeal, grant or refuse a new trial or strike out an
 action or defense.'") (internal citation omitted); Bowaters
 Carolina Corp. v. Carolina Pipeline Co., 259 S.C. 500, 505, 193 S.E.2d 129, 132
 (1972) (holding an appellate court need not pursue an issue conceded during
 oral arguments); Tatnall v. Gardner, 350 S.C. 135, 138, 564 S.E.2d 377, 379 (Ct. App.
 2002) ("[A]n order which does not put a final end to the case, nor establish
 any principle which will finally effect the merits of the case, nor deprive the
 party of any benefit which he may have at a final hearing, ought to be
 considered an interlocutory order, from which no appeal ought to be allowed.")
 (internal citation omitted). 
DISMISSED.
SHORT, WILLIAMS, and GEATHERS, JJ.,
 concur.